## JOHN OSCAR FREENY vs. KATHERINE JACKSON FREENY.

*Divorce a Mensa—Cruelty of Treatment—Competency of Children to Testify—Filing of Exceptions to Evidence in Equity Causes.*

On a bill for a divorce *a mensa* by a wife against her husband on the ground of cruelty of treatment, proof that the defendant had frequently used personal violence towards the plaintiff, and threatened her with great bodily harm, and had done acts injurious to the plaintiff's health, entitles her to the relief asked for.

Whether children of tender years are competent witnesses, is a matter within the discretion of the trial Court.

When evidence is taken before an Examiner in Equity, and a party objects to certain testimony, the Examiner should be directed to note the objection without setting forth the ground of it, except when a question is objected to as leading. But after the evidence is returned, written exceptions to the testimony, indicating the evidence excepted to, the grounds of the objections, and the names of the witnesses, should be filed in the cause before the hearing. It is not sufficient to except generally to "all the testimony objected to and noted by the Examiner."

Appeal from the Circuit Court for Wicomico County. The bill of complaint in this cause charged that the defendant had for some years treated his wife, the plaintiff, with great cruelty, harshness and brutality, at times striking, kicking and beating her, and that on account of his intolerable conduct she was obliged to leave his house and seek shelter elsewhere. The bill prayed for a divorce *a mensa et thoro*, alimony, and the the custody of three infant children. Objection having been made to the competency of these children, aged about six, nine and eleven years, respectively, to testify, the Court below, after examining them orally, held that they were competent witnesses, and ordered that the plaintiff should have leave to take their testimony before the Examiner.

The trial Court held that the evidence established that during his married life the defendant had conducted himself in a harsh and violent manner towards his wife; "that instead of providing efficient nursing and attendance for her when sick, he has compelled her to do the entire work of the household, without the help of any servant, and when not sick, he has required her to work beyond her strength; that he has used harsh, abusive and violent language towards her, threatening to do her great bodily harm, and even to kill her; that he has assaulted her with blows from his hands and from his fists; that he has pushed her, pinched her, and kicked her; that although the defendant is a man of considerable property, he has failed, during much of his married life, to provide properly for the comforts of his family, and that by his threats and his violence he has put her in fear for her safety, and thus has driven her to separate from him."

The decree of the Court below (PAGE, C. J., HOLLAND and LLOYD, JJ.), divorced the plaintiff *a mensa et thoro* from the defendant, awarded to her the custody of the infant children of the parties, and ordered the defendant to pay to the plaintiff an annual allowance of $400; and from this decree the defendant appealed.

The cause was argued before ROBINSON, C. J., McSHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*E. Stanley Toadvin* and *Walter S. Humphreys*, for the appellant.

*Robert P. Graham* and *H. L. D. Stanford*, for the appellee.

FOWLER, J., delivered the opinion of the Court.
The bill in this case was filed for a divorce *a mensa.* The ground alleged is cruelty of treatment. The questions presented, with the exception of a few minor ones in regard to exceptions to testimony, involve issues of fact, and may be

briefly disposed of.   We entirely agree with the conclusions announced by the learned Judges below.   The case was heard before a full bench, and the carefully prepared and exhaustive opinion, which was concurred in by all the Judges, after reviewing all the testimony, grants to the wife the relief she prays for in her bill.

This conclusion is in our opinion entirely in accordance with the decided weight of the testimony.   It would serve no good purpose to discuss in detail the testimony which discloses the unhappy relations which existed between the plaintiff and defendant, nor would it be either instructive or interesting to show that the charges of cruel treatment on which the wife bases her claim to relief, have been fully and satisfactorily established.   In cases like this the witnesses relied on must necessarily come from the domestic circle. Ill-usage of the kind imputed to the husband in this case is not generally indulged in while others are present.   In the case of *Hawkins* v. *Hawkins*, 65 Md. 107, and in other cases, it has been remarked that it is from necessity that members of the family or servants must in most cases like this be called as witnesses.   For, say the Court in that case, "ill-usage and cruel treatment of the wife do not generally occur in public places, or in the open face of day."

It appears that the parties to this cause were married in 1880, and that after living together for thirteen years, the plaintiff left her husband, taking with her the three children of the marriage, who were respectively about ten, twelve and seven years of age.   The testimony of the plaintiff and these three children, leaving out of consideration all other testimony offered by her, if it is to be received and credited, is amply sufficient to have justified the lower Court in passing a decree of separation.   But the testimony of the children is excepted to by the defendant on the ground that they are incompetent to testify by reason of their tender years.   After carefully examining the children in regard to their capacity to testify as witnesses in the cause, the Judges below found them to be fully capable, and therefore compe-

tent, and gave the plaintiff leave to examine them. If this question were properly before us, we would say, from an examination of the evidence, that we entirely approve of the course adopted by the Court below. But it is clear it was within the discretion of the trial Court. 1 *Greenleaf on Evidence*, sec. 367; *State* v. *Juneau,* 88 Wis. 180; 59 N. W. Rep. 580. And the ruling thereon is not therefore the subject of appeal.

A large number of other exceptions to testimony were taken below, but as they were not noticed either in the brief or oral argument of defendant's counsel, we think it unnecessary to discuss them, except to emphasize what was said by the trial Judges in regard to the irregular manner in which most of the exceptions were presented in this case.

If it is desired to except to testimony taken before an Examiner, to be used at the hearing of a cause in a Court of Equity, it is sufficient to have the Examiner note the objection (Code, Art. 16, sec. 222), without setting forth the ground on which such objection or exception is based, unless when a question is objected to, because it is leading, in which case the ground of the objection should be stated by the attorney making the objection and recorded by the Examiner, in order that an opportunity may be afforded for changing the form of the question. Under Rule 43, General Equity Rules, adopted by this Court (see sec. 223, Art. 16 of the Code), evidence taken and returned by an Examiner shall remain in Court ten days, subject to exception, before the cause shall be taken up for hearing, unless by agreement of the parties such time be waived. Ample time, therefore, is afforded for the preparation of exceptions, if counsel wish to avail themselves of it. Every exception to testimony must be reduced to writing and filed in the cause, at least before the hearing begins. It will not do, as was done in this case, to except generally to " all the testimony objected to and noted by the Examiner." Every exception should clearly indicate the testimony excepted to, the ground on which the exception is based, and the name or names of

the witnesses whose testimony is excepted should be set forth.

*Decree affirmed with costs to appellee.*
ʻ(Decided Feb. 27th, 1895.)