# CHARLES W. OUTLAW *vs.* LAURA FRANCES OUTLAW.

*Appeals: final orders only. Demurrer to bills: effect of—.*
*Divorce: jurisdiction of Equity; bill for*
*alimony only.*

The effect of filing a demurrer to a bill is to admit all the facts there properly alleged as the ground for the relief sought.      p. 500

A wife filed a bill against her husband praying for the custody and guardianship of her child and for alimony; an order was passed enjoining the defendant from interfering with or removing the child from the State, regarding counsel fees and alimony *pendente lite;* on appeal by the husband, *it was held,* that none of such orders were reviewable.      p. 500

No appeal will lie from an order that is not final in its nature, and not decisive of any rights of the parties.      p. 500

The power of Courts to grant divorce is dependent upon statute only.      p. 500

The power of Courts to award alimony has been exercised since 1689, and has since then been continuously recognized as inherent in equity jurisdiction, and constantly exercised.
p. 501

By the Act of 1777, Ch. 12 (Code 1912, Art. 16, sec. 14), Courts of Equity are empowered to hear and determine all cases for alimony as fully as were the Ecclesiastical Courts of England.                                                            p. 502

Alimony alone will not be awarded except on grounds which would be sufficient for granting a decree *a mensa et thoro,* together with incident alimony.                               p. 503

The continuous acts of "gross misconduct" alleged in the bill apparently designed to humilate and degrade the wife, *were held,* if supported by proof, to be such as would amply warrant a decree under Art. 14, sec. 58 of the Code.        p. 504

*Decided July 10th, 1912.*

Appeal from the Circuit Court for Baltimore County (BURKE, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Osborne I. Yellott* (with whom was *S. S. Field* on the brief), for the appellant.

*Clifton S. Brown* and *E. Allan Sauerwein, Jr.,* (with whom was *Victor I. Cook* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The Bill in this case was filed by Mrs. Laura F. Outlaw against her husband praying for the custody and guardianship of her infant child, and for an award of permanent alimony. It did not ask any relief by way of divorce, either *a vinculo* or *mensa et thoro.* The defendant, the appellant here, demurred to the entire bill as not setting forth a case which would justify a Court of Equity in granting the relief prayed, or any relief, averring that the allegations

were too general, indefinite and uncertain; that they were conclusions of law, rather than statements of facts.

The effect of filing a demurrer to the bill was, of course, to admit all facts properly alleged in the bill as constituting a ground for the relief sought. After a hearing had on the demurrer, the Circuit Court for Baltimore County in Equity, overruled the demurrer and required the defendant to answer.

The order for the appeal names four orders as appealed from: one of December 15th, 1911, enjoining the defendant from interfering with the infant child of the parties or removing him from the State pending the adjudication of his custody; one of January 3rd, 1912, in regard to counsel fees and alimony *pendente lite;* one of March 7th, 1912, overruling the demurrer to the Bill of Complaint, and requiring the defendant to answer; and one of March 23rd, 1912, also in regard to alimony *pendente lite* and counsel fees. Of these only the third is pressed in this Court, and the appeal as to the first, second and fourth was apparently waived. But whether waived or not, none of these three orders are reviewable by this Court, not being final in their nature or decisive of any right of the parties. *Hayward* v. *Hayward,* 77 Md., unreported opinion.

It was only urged in the argument of the case that there was error in the order appealed from of March 7th, 1912, for the reason that alimony was originally an incident of divorce, and that a complaint must set out as the basis for any decree of alimony, acts upon the part of the husband which would have been sufficient to sustain, if properly supported by proof, a decree for divorce. This argument, however, overlooks one essential difference between a proceeding for divorce, with alimony as an incident, and a proceeding for alimony only.

The power of the Courts to grant divorce is dependent entirely upon statute, and has no existence in the absence of statutory enactment. For a long time after the separation of this State from England, divorces were obtainable, and

obtainable only, through an Act of General Assembly, and it was not until 1841 that this power was conferred upon the Courts. The power of the Courts to award alimony, however, was first recognized and exercised under the Provincial Government as early as the case of *Galwith* v. *Galwith,* 4 H. & McH. 477, decided in 1689, and that power so recognized as inherent in equity jurisdiction has since been continuously exercised in this State. *Hewitt* v. *Hewitt,* 1 Bland, 101; *Fornshill* v. *Murray,* 1 Bland, 479; *Wallingsford* v. *Wallingsford,* 6 H. & J. 485; *Helms* v. *Franciscus,* 2 Bland, 565; *Dunnock* v. *Dunnock,* 3 Md. Ch. 140; *Jamison* v. *Jamison,* 4 Md. Ch. 289; *Wright* v. *Wright,* 2 Md. 429; *Stewart* v. *Stewart,* 105 Md. 297; *Taylor* v. *Taylor,* 108 Md. 129; *McCaddin* v. *McCaddin,* 116 Md. 567.

Nor is the doctrine one which has been limited to Maryland. The authorities generally are collected in 2 *Am. & Eng. Ency.* 96; 1 *Bishop on Marriages, Divorce and Separation,* secs. 1403 and 1409; *Browne on Divorce and Alimony,* p. 269; *Story's Equity Jurisprudence,* 13th Ed., sect. 1423A.

There is not, however, entire unanimity in the decisions as to the right of Courts of Equity to grant relief of alimony alone, in States where by statutory enactment it is made an incident to a proceeding for divorce, with a manifest tendency not to allow alimony only, upon the ground that the State having by law given a defined power to the Courts, they will not exercise any power not expressly conferred by the Statute. *Nelson on Divorce and Separation,* sec. 1000.

The real question is, can such relief be granted the wife without a divorce when the statute has provided that relief with divorce? Mr. Bishop in his work denies the jurisdiction of Equity Courts to grant this relief, but the jurisdiction and power is sustained by the Courts of Alabama, Arkansas, Colorado, Iowa, Kentucky, Maryland, Mississippi, North Carolina, Rhode Island, South Carolina and Virginia, and Mr. Nelson following these adjudications lays down the opposite rule from Mr. Bishop.

In this State the jurisdiction of the Court of Equity was made a subject of statutory enactment as early as 1777, and by Chapter 12 of the Acts of that year it was provided, that "The Courts of Equity of this State shall and may hear and determine all causes for alimony in as full and as ample manner as such cases could be heard and determined by the laws of England in the Ecclesiastical Courts there." *Code Public General Laws,* 1912, Art. 16, sec. 14.

This section has been a subject matter of construction in this State and especially as to the extent of the meaning and applicability of the reference to the Ecclesiastical Courts of England, in the cases of *Fornshill* v. *Murray, supra,* and *Helms* v. *Franciscus, supra,* in the latter of which CHAN-CELLOR BLAND says, with reference to the application for alimony, "If by the cruel or immoral conduct of the husband the wife cannot with safety and in decency consort with him, then she may upon the ground of such ill-treatment come into a Court of Equity and have a separate maintenance assigned to her out of her husband's estate." * * * Then after referring to the difficulty in England he continues: "In England during the short existence of the republic the Ecclesiastical Courts were abolished and in consequence thereof the entire jurisdiction in all cases of alimony and separate maintenance devolved as a matter of course and necessity upon the Court of Chancery as the only tribunal fitted and competent to decide thereon. In this State there never was an Ecclesiastical Court, and therefore the High Court of Chancery always had, even under the Provincial Government, entire jurisdiction of such cases of claims for alimony or for separate maintenance out of the husband's estate founded on his misconduct." ·

It will hardly be disputed in this State today, that where the allegations of a bill of complaint are sufficient to support either form of a divorce, that they would be insufficient to support a bill for alimony alone; but there are one or two expressions in previous opinions which give color to the idea that a decree for alimony may be properly entered by a Court

even though the facts set out in the bill would be insufficient to authorize the entry of a decree of divorce. An examination of these cases will show that such a question was not directly presented to the Court or necessarily involved in the facts of the case; thus in the *Jamison case, supra,* the facts show an abandonment at the time of the filing of the bill of about eighteen years, a far longer period than was required upon which to base a decree, either *a mensa or a vinculo;* and in the case of *Stewart* v. *Stewart, supra,* the bill charged the defendant with adultery, and the prayer of the bill was for a divorce *a mensa* and alimony. Manifestly under the provisions of the Code, where adultery is not one of the enumerated causes for which a divorce *a mensa* might be granted, no divorce of the character prayed could have properly been granted, and accordingly the case was remanded that the plaintiff might either amend her bill by prayer for a divorce *a vinculo,* or since the award of alimony might be made equally well for a cause which would justify a divorce *a vinculo* as one *a mensa,* that if the plaintiff preferred she might make her bill one for alimony only.

The true rule as to the necessary allegation to support a bill for alimony alone, appears to be that given by Mr. Nelson in the section of his work already referred to, and is the view which is expressed by CHANCELLOR BLAND, in the case of *Helms* v. *Franciscus, supra,* when he says, referring to the Act of 1777, Chapter 12, "yet according to the provisions of this Act, it (the Court) can not allow itself to receive any matter as a sufficient ground for granting alimony alone, which would not be a sufficient foundation in England for granting a divorce *a mensa et thoro* together with its incident alimony," and the cases of *Wallingsford* v. *Wallingsford,* 6 H. & J. 485, and *Dunnock* v. *Dunnock,* 3 Md. Ch. 140, lay down the same rule, and it is a rule which is approved by the adjudged cases.

The causes for which a divorce *a mensa* may be decreed are set forth in Article 16, section 38 (Code 1912), and the first two are cruelty of treatment and excessively vicious

conduct. It would serve no good purpose to incorporate here the allegations as set forth in the 3rd, 9th and 10th paragraphs of the bill of complaint, but assuming them to be true, as must be done under the demurrer, they disclose what was properly characterized by the Judge of the Circuit Court for Baltimore County as *"gross misconduct,"* and not of a single isolated act, but of a continuous course of conduct, apparently designed and intended to humilitate and degrade his wife, such conduct as, if supported by proof would have amply warranted a decree of divorce *a mensa* upon either or both of the grounds named in the statute.

It is seldom a Court has been called upon to examine a bill setting forth a more depraved course of treatment of a wife by her husband than in the present case, and the action of the Circuit Court for Baltimore County in overruling the demurrer and requiring the defendant to answer will be sustained.

> *Order of Court was affirmed (per curiam)*
> *on the 13th day of June, 1912, and*
> *case remanded for further proceedings;*
> *costs to be paid by the appellant.*