ROSE SILVERBERG *vs.* SIMON SILVERBERG ET AL.

SIMON SILVERBERG ET AL. *vs.* ROSE SILVERBERG.

*Appeal—Not From Part of Decree—Unnecessary Matter in Record—Suit for Alimony—Evidence—Amount of Counsel Fee.*

One cannot, while accepting a decree in so far as it is favorable to him, appeal from so much thereof as fails to give him relief to the degree desired.                    p. 689

On appeal from a decree the appellate court will not pass upon the propriety of an order, passed after the decree, with respect to a writ of attachment issued thereon out of chancery.                    p. 689

Where the principal question is the determination by the court of clearly defined issues of fact, and the testimony reflecting on those issues is such that its repetition would only assure a needless painful publicity to the parties concerned, and distress to their families and friends, without any compensating advantage in the application and statement of the controlling rules of law, the court is under no obligation to do more than state its conclusions, with the reasons, on the issues of fact.                    p. 690

In the determination of the issues of fact on a bill for alimony, the wife must bear not only the burden of proof which rests upon the proponent of a fact, but also the obligation imposed by Code, art. 35, sec. 4, requiring corroboration of her testimony.                    pp. 690, 691

The testimony on behalf of the wife must be sufficient to prove such facts as would have entitled her to a decree for divorce either *a vinculo* or *a mensa et thoro*.                    p. 691

In a suit by a wife for alimony, the evidence of malicious and false accusations of unchastity on the part of the wife made by the husband in the presence of others, and of other acts

on his part, *held* to justify a divorce *a mensa et thoro* on the
ground of cruelty or excessively vicious conduct.          p. 691

On a bill by the wife for alimony, on the ground of cruelty,
excessively vicious conduct, and abandonment and desertion,
where the evidence showed that the husband's conduct made
the marriage relation intolerable, the fact that the husband
did not drive the wife from the home by force was immaterial,
if she left as the direct result of his machinations.          p. 692

On a bill by a wife for alimony, *held* that a deed from the
husband to his father was placed upon record with the intent
to defraud the wife of here marital rights.          °     p. 692

On a bill by a wife for alimony, she was entitled to a reason-
able counsel fee, the amount to be determined by the chancellor,
subject to review by the Court of Appeals, which would ordi-
narily accept the judgment of the chancellor in this regard.

p. 693

On a bill by a wife for alimony, the counsel fee to be allowed
the wife must be reasonable, considered in connection with the
financial resources of the parties, and, while sufficient to as-
sure the wife an efficient representation, not so large as to en-
courage similar litigation.          p. 693

The allowance should be for but one solicitor, unless there
be present unusual circumstances which would require the em-
ployment of more in order properly to present the wife's case.

p. 693

The nature of the litigation and of the legal services per-
formed, and the effort and skill exerted and displayed to pre-
sent expeditiously the wife's case adequately, but without the
introduction of irrelevant and immaterial matter, and with a
consistent effort to lessen the expense of the litigation, are all
important elements in naming the amount of the fee.     p. 693

A record should not contain the colloquies and arguments of
counsel, nor the remarks of the trial judge, except when they
are a qualification of his ruling.          p. 694

*Decided June 30th, 1925.*

Appeals from the Circuit Court No. 2 of Baltimore City
(DAWKINS, J.).

Bill by Rose Silverberg against Simon Silverberg and others. From the decree rendered Simon Silverberg and other defendants appealed, and Rose Silverberg appealed from the decree in part, and also from an order dissolving an attachment issued on the decree. Decree affirmed in part and reversed in part.

The cause was argued before BOND, C. J., URNER, ADKINS, PARKE, and WALSH, JJ.

*Arthur L. Jackson* and *Benjamin H. McKindless,* with whom were *Philip S. Ball* and *Bartlett, Poe & Claggett* on the brief, for Simon Silverberg and other defendants who appealed.

*David Ash and Louis Hollander,* for Rose Silverberg.

PARKE, J., delivered the opinion of the Court.

On August 21st, 1921, Rose Cohan, a widow with an infant child, was married to Simon Silverberg, who was divorced, with an infant son, who was in the custody of the mother. No children were born of this second marriage. Their married life was unhappy and, finally, they separated on December 11th, 1923, and since then have lived apart. The wife, Rose Silverberg, instituted proceedings on December 19th, 1923, against her husband, Simon Silverberg, and his father and mother, Samuel Silverberg and Goldie Silverberg, and the Old Town National Bank, the Union Trust Company, the Equitable Trust Company, the Chesapeake Building and Loan Association, the Whittier Building and Loan Association, the Merit Building and Loan Association and the Silverberg Building and Loan Association. The principal objects of this bill of complaint were to secure an award of permanent alimony, on the grounds of cruelty of treatment, of excessively vicious conduct and of abandonment and desertion; and of an allowance of counsel fees and temporary alimony pending the litigation because of the wife's inadequate means.

In addition to making the allegations upon which the complainant based her right to temporary and permanent alimony and counsel fees, the bill of complaint made charges which need not be set out at length, but which were, in effect: (a) that the husband, Simon Silverberg, is the actual owner of the Chesapeake Building and Loan Association, which is a corporate cover for certain of his own personal business and financial affairs; and that in the other corporate defendants he either has a controlling interest as stockholder or as owner of their obligations or as a depositor, and that much of these assets are hidden under the name of some corporation or individual other than said Simon Silverberg; (b) that the said husband was the actual owner of a number of valuable properties which, without consideration and in fraud of the marital rights of the wife, had been conveyed to the defendants, Samuel Silverberg and Goldie Silverberg, his wife, in one form or another, but that the said Simon Silverberg was the real owner thereof and the said Samuel Silverberg and Goldie Silverberg but the nominal owners for the secret use and benefit of the said Simon Silverberg; and (c) that the said husband, Simon Silverberg, is also the owner of money, stocks, bonds and other property of great value, which the complainant averred he was disposing of, or so intended, in the names of third parties for the express purpose of defrauding the complainant of her rights as his wife. On these allegations the ancillary relief prayed for was: (1) that the defendants be severally enjoined from making, or permitting to be made, any change in the status of any of the realty and personalty, which in various forms were alleged to be the property of the defendant, Simon Silverberg, although the indicia of title might be to the contrary, and from receiving and collection any rents, income or profits from any property; (2) that a receiver be appointed for all the property and estate mentioned in the bill of complaint, and to collect all the rents, income, and profits thereof; (3) that the said defendants make full discovery of all the property held by them in any manner or form for or on behalf of the said

Simon Silverberg, or for his use or subject to his order and control; and, also, of all financial arrangements and relations among them; and (4) that all deeds or other writings made by Simon Silverberg to Samuel Silverberg and Goldie Silverberg, his wife, or to either of them, in fraud of the marital rights of the complainant, be annulled and set aside.

The answer of the defendant, Simon Silverberg, denied all the material allegations of the bill of complaint and made a counter-charge of abandonment and desertion. Samuel Silverberg and Goldie Silverberg, his wife, answered separately, but denied all the allegations of the bill of complaint that affected them in any way, or that imputed fraud or the possession of their son's property, and ascribed the marital differences of their son to the conduct of his wife. The answer of the Old Town National Bank, Union Trust Company, Equitable Trust Company, Chesapeake Building and Loan Association, Whittier Building and Loan Association, Merit Building and Loan Association and the Silverberg Building and Loan Association were severally filed, and every one denied the incriminating allegations of the bill of complaint so far as each one was concerned, and their respective answers to the discovery demanded showed an aggregate deposit by Simon Silverberg in all the institutions named of $6,321.93; an obligation of $10,577.88 by Simon Silverberg on notes discounted at the Equitable Trust Company; a mortgage obligation of $20,000 of Simon Silverberg and wife to the Union Trust Company; and a maximum obligation of Simon Silverberg of $55,000 to the Equitable Trust Company as guarantor with Samuel Silverberg and others for the Silverberg Building and Loan Association, the Whittier Building and Loan Association and the Merit Building and Loan Association, which had been respectively loaned under these guarantees the sums of $11,900, $11,000, and $10,000, aggregating $32,900. In this connection, it may be stated that Simon Silverberg's answer denied the statement of the bill of complaint that he was a man of large

means and earning capacity, but asserted that he was in financial distress.

· The answer of the husband was immediately followed by a cross-bill against his wife, charging her with abandoning and deserting him on the day she accused him of a similar marital breach of duty, and praying for a divorce *a mensa et thoro*. The wife answered denying the marital accusations of the husband's bill of complaint. The parties took the testimony in open court. The decree dismissed the cross-bill of Simon Silverberg, and dismissed the bill of Rose Silverberg against all the defendants except Simon Silverberg, the husband, and Samuel Silverberg and Goldie Silverberg, his parents. The decree annulled a deed from Simon Silverberg and Rose Silverberg, his wife, to Samuel Silverberg and Goldie Silverberg, his wife, dated December 11th, 1923, and recorded among the Land Records of Baltimore City in Liber S. C. L. No. 4118, folio 124 etc., conveying what is known as the Silverberg Building.

The decree awarded Rose Silverberg permanent alimony at the rate of $150 a month, payable in equal instalments quarterly, accounting from December 17th, 1924, and the sum of $2,000 for the use of her counsel as a fee, and imposed the costs upon the husband.

The decree was passed on December 29th, 1924, and on February 9th, 1925, an attachment was issued in equity on this decree and laid in the hands of the Equitable Trust Company, where the husband had a deposit of about $600 due him personally; and the writ was also laid in the hands of the Merit Building and Loan Association to attach certain shares of stock owned by the husband. The husband thereupon filed a petition asserting that he had paid $350 on account of the fee of $2,000, and had tendered another $150 on account, but it was declined and counsel refused to accept less than $1,650. The husband asserted that $500 was the maximum counsel fee allowable, and that he should not be required to pay more, unless and until the matter should be so adjudged on appeal; and he asked that the chancellor

dissolve the writ of attachment on his indemnifying the counsel against any loss which they might sustain by the dissolution of the attachment. The chancellor granted this petition, provided that the husband bring into court $1,650 to be deposited at interest and to answer the claims of the attaching creditors when and if the decree should be affirmed by the Court of Appeals. The sum was forthwith brought into court and deposited accordingly on February 12th, 1925.

An appeal was entered, from the decree passed on December 29th, by Simon Silverberg, Samuel Silverberg and Goldie Silverberg, his wife, three of the defendants to the original bill, and by Simon Silverberg as the plaintiff in the cross-bill. And Rose Silverberg, also, appealed from so much of the decree as dismissed the bill against the defendants, the Chesapeake Building and Loan Association, Merit Building and Loan Association and the Silverberg Building and Loan Association; and "so much thereof as fails to order a payment of more than one hundred and fifty dollars per month as permanent alimony, and so much thereof as fails to allow a sum in excess of two thousand dollars as counsel fee, and so much thereof as denies the remedies and relief prayed for in said bill of complaint, and not in said order and decree specifically provided for." An appeal was also taken from the order of February 12th, 1925, dissolving the attachment on condition that $1,650 be paid into court.

1.   The first question confronting the Court is whether or not the appeal of Rose Silverberg will be entertained. And this question involves two points. In the first place, the appeal is expressly limited to so much only of the decree as does not give to Rose Silverberg relief to the extent she asked; and, in the second place, the appellant includes an appeal from an order passed subsequent to the decree of December 29th. The plaintiff under the first bill of complaint was entitled to an appeal from the decree of December 29th, and all previous orders which had been passed in the cause would have been open for review on that appeal, as no other appeal had been taken in the cause. Code 1924, art. 5, secs.

32, 31. *Hendrickson v. Standard Oil Co.*, 126 Md. 577, 581. Her appeal was not from the decree of December 29th, nor even from any integral part thereof, but it accepted the decree to the extent that it was favorable, and, while retaining the benefit of the decree, attempted to have it reviewed because the lower court did not extend the relief to the degree desired. The decree was not so separable for the purpose of an appeal. The plaintiff, Rose Silverberg, had no right to hold fast to what the decree had given her, and, at the same time, seek an enlargement of the relief awarded her by the decree. To hold differently would be an arbitrary interpolation into the statute of a right not thereby granted, and would have an evil effect through the consequent encouragement to speculative appeals. As an illustration of the possibilities presented by splitting a decree, we find on this record a decree for the payment of a counsel fee of two thousand dollars, an attachment issued under the decree to secure the payment of this fee, and an appeal from so much of the decree "as fails to allow a sum in excess of two thousand dollars as counsel fees." In other words, an acceptance of the decree in so far as it is beneficial, and a rejection only so far as it disappoints. The Court has neither the power nor the inclination to recognize the appeal of Rose Silverberg from the decree of December 29th. This appeal is neither within the terms of the statutory right of appeal nor supported by reason or authority. It involves the twofold error of at once splitting the decree and attempting both to accept and reject its terms. *Stewart v. McCaddin*, 107 Md. 314, 319; *Murphy v. Spaulding*, 46 N. Y. 556, 559.

Nor is she in any better position with respect to the order of February 12th, 1925, dissolving her attachment under the decree on the payment by her husband into court of the sum of $1,650, the residue of the fee unpaid by him, which is to remain subject to the determination of this appeal. We cannot pass upon the propriety of that order on this appeal, as it was passed after the decree and with respect to a writ of attachment issued out of chancery on the decree now before

us. *Baltimore Skate Manufacturing Co. v. Randall,* 112 Md. 411, 416.

2.    The remaining three questions are (*a*) the right of the wife to permanent alimony, (*b*) the validity of the deed of Simon Silverberg and Rose Silverberg, his wife, to Samuel Silverberg and Goldie Silverberg, his wife, for the "Silverberg Building" and (*c*) the amount of counsel fee allowable to the solicitors of Rose Silverberg.

The voluminous testimony taken in open court before the chancellor is a distressing record of alleged martial misconduct.   It is a mass of conflicting testimony, with the husband and the wife in irreconcilable conflict on every material point, and so ardent in crimination and recrimination as to preclude the possibility of collusion between them.   Each spouse has a group of witnesses who support the contentions of the respective side for which they testify.   And it has been the arduous duty of this Court carefully to read, consider and weigh the evidence, and to come to a decision in accordance with the weight of the testimony under the rules and principles which are here controlling.   To attempt the statement of the irreconcilable evidence contained in over twelve hundred and seventy-five pages of a record of thirteen hundred and sixty-five pages would serve no useful purpose, as the bulk of the testimony is so great as to preclude an adequate presentation, within reasonable lengths.   Moreover, where the principal question is the determination by the Court of clearly defined issues of fact, and the testimony reflecting upon those issues is of such a nature that its repetition would only assure a needless painful publicity to the parties concerned, and distress to their families and friends, without any compensating advantage in the application and statement of the controlling rules of law, the Court is under no obligation to do more than state its conclusion, with the reasons, on the issues of fact.   *Freeny v. Freeny,* 80 Md. 408.

In the determination of the issues of fact, the wife must bear not only the usual burden of proof which rests upon the proponent of a fact, but also the obligation imposed by the

statute that her own testimony will not be sufficient without corroboration. Code (1924), art. 35, sec. 4; *Heinmuller v. Heinmuller,* 133 Md. 494; *Hubbard v. Hubbard,* 127 Md. 617. And the testimony must be sufficient to prove such facts as would have entitled her to a decree for divorce either *a vinculo* or *a mensa et thoro. Outlaw v. Outlaw,* 118 Md. 498; *Polley v. Polley,* 128 Md. 60; *Heinmuller v. Heinmuller, supra; Hoffhines v. Hoffhines,* 146 Md. 350, 352; *Mann v. Mann,* 144 Md. 518, 523. This settled rule in Maryland was not intended to be affected by citations found in *Polley v. Polley,* 128 Md. 60, 66, and in *Hastings v. Hastings,* 147 Md. 177, of authorities of other jurisdictions supporting a less rigorous rule.

The testimony in the cause satisfactorily established that the defendant, Simon Silverberg, throughout a long period, pursued a course in his married life which was of such a nature as seemed designed to humiliate and degrade his wife in the presence of his own and her friends, and well calculated to affect her health and destroy her peace of mind and happiness, and to cause her friends and acquaintances to abandon her and to bar her from respectable society. The public and private accusations of infidelity by the husband were not shown to have been well founded, but were too frequent to be attributed to anything but malicious design, and were so unmistakable in their meaning that no doubt could exist in their significance and application. No form of cruelty is so intolerable as to make a wanton and public charge of infidelity against a wife under circumstances which expose her to shame and contumely. The quality of premeditation and deliberation in these studied insults was reflected in their repetition in the husband's testimony.

The accusations of unchastity are proven by competent testimony to have been made, and when they are considered in relation to the other acts of the husband, the Court has no difficulty, under the proof this particular case, to find that there is sufficient evidence on this record to justify a divorce *a mensa et thoro* on the ground of the husband's cruelty or excessively vicious conduct. *Bishop on Marriage, Divorce,*

*and Separation,* secs. 1569, 1570; *Outlaw v. Outlaw,* 118 Md. 498, 504; *Schwab v. Schwab,* 144 Md. 47, 60.

The husband's continued misconduct naturally caused the marital relation to become intolerable, and no particular importance is to be attached to the fact that the husband did not drive the wife from his home by force. If artifice and craft succeed, they are quite as reprehensible, while not so obvious and crude, as open compulsion. And the actor in either case is responsible for the contemplated result. The Court is satisfied that the husband contrived the departure of the wife, and accepted it with complacency. He can now derive no benefit from an act of the wife that was the direct result of his own machination. *Pattison v. Pattison,* 132 Md. 368, 370; *Harding v. Harding,* 22 Md. 337.

The next question concerns the striking down of the deed from Simon Silverberg and Rose Silverberg, his wife, to Samuel Silverberg and Goldie Silverberg, his wife, for the "Silverberg Building." This deed was alleged to have been executed in May, 1923, but Rose Silverberg asserted her signature was secured by fraud and the proof conclusively established that she never acknowledged the deed, and that its date was changed from May, 1923, to December 11th, 1923, without her knowledge, and placed upon record on December 13th 1923, as though properly acknowledged by Rose Silverberg and as though it were originally dated on December 11th, 1923. Without dwelling upon the evidence, we find, with the chancellor below, that the date of this deed was unlawfully altered and that it was placed upon record with the intent of the husband and his father to defraud the wife of her marital rights therein. *Mann v. Mann,* 144 Md. 525, 526. No consideration was paid by the purporting grantees to Simon Silverberg for the conveyance, which the appellants contended was simply a voluntary re-conveyance of property, whose title had been placed in Simon Silverberg by the father so as to improve the financial credit of his son, but without any intention of giving him the property. We do not find that the appellants' contention is borne out by the facts.

There is no reason to disturb the conclusion of the chancellor on the amount of permanent alimony awarded, so the final question is the propriety of allowing a fee of two thousand dollars to Rose Silverberg for the use of her solicitors. Under the facts of this record there should have been an allowance to the wife for a reasonable counsel fee, whose amount was determinable by the chancellor, subject to review by this Court. *Mulhall v. Mulhall,* 120 Md. 25, 27; *Roth v. Roth,* 143 Md. 148. Ordinarily, the judgment of the chancellor will be accepted, and this Court will not disturb his award. *Chappell v. Chappell,* 86 Md. 537, 538.

In the first place, the fee must be reasonable when considered in connection with the financial resources of the parties, and, while sufficient to assure to the wife an efficient representation, it should not be so large as to encourage similar litigation. Furthermore, the allowance should be for but one solicitor, unless there be present unusual circumstances which would require the employment of more, in order properly to present the wife's case. Again, in making the allowance, the nature of the litigation and of the legal services performed, and the effort and skill exerted and displayed to present expeditiously the wife's case adequately, but without the introduction of irrelevant and immaterial matter, and with a consistent effort to lessen the expense of the litigation, are all important elements in naming the amount of the fee.

We do not find here that the defendant's wealth and earning capacity were such as would give countenance to a large fee, nor that the wife's cause required more than one solicitor. The taking of the testimony occupied too much time on the part of both the plaintiff and the defendants, and we find a record entirely out of proportion to the presentation of the comparatively simple facts in controversy. The trial judge can best assist the orderly and quick trial of issues by a firm and rigorous exclusion of all immaterial and irrelevant testimony. Every unnecessarily prolonged hearing is a clog to the efficient discharge of judicial duties. While the desire for expedition should not restrict nor deny to litigants full opportunity to introduce every relevant and material

fact, yet counsel should not only be alert to exclude legally objectionable testimony, but should also refrain from offering it. It is the opinion of the Court that the sum of one thousand dollars should have been allowed to the plaintiff as a counsel fee.

The Court desires to take this opportunity to advise the profession that a record should not contain the colloquies and arguments of counsel, nor the remarks of the trial judge, except in those instances where they are a qualification of his ruling. The burden of reading records is heavy enough without their being cluttered with these irrelevancies. If counsel are not disposed to prune the record of redundant matter, the Court will be compelled to resort to the imposition of costs upon the responsible parties.

For the reasons given the appeal of Rose Silverberg will be dismissed, and the decree will be affirmed in all respects, except as to the sum allowed to Rose Silverberg for counsel fee; and the cause will be remanded that a decree may be passed in conformity with this opinion.

> *Decree affirmed in part and reversed in part, and the cause remanded in order that a decree may be passed in conformity with the opinion of this Court, the costs in this Court and in the Court below to be paid by the appellants, Simon Silverberg, Samuel Silverberg and Goldie Silverberg.*