ROSE SILVERBERG *v.* SIMON SILVERBERG.

*Divorce Proceedings—Counsel Fee.*

The allowance, on cross appeals from a decree in a divorce proceeding, of a counsel fee to the wife, involving a reduction of the sum allowed her below, *held* not to cover a payment for services on appeal, so as to preclude the allowance of additional compensation to cover those services.                    p. 153.

While the court must give some protection to the husband from groundless or excessive expense in litigation by the wife, it must secure to the wife an opportunity to have her case fully presented and adjudicated.                    p. 154

*Decided June 11th, 1926.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Petition by Rose Silverberg for counsel fee in a divorce proceeding by her against Simon Silverberg. From an order denying her petition, petitioner appeals. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*David Ash,* with whom was *Louis Hollander* on the brief, for the appellant.

*Philip S. Ball,* with whom was *Simon Silverberg* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This case may be disposed of briefly. Rose Silverberg now appeals from the refusal of the trial court to require her husband to pay her a fee for the services of her counsel in connection with their cross-appeals, on their respective bills for divorce, heard and decided in this Court. *Silverberg v. Silverberg,* 148 Md. 682. The trial judge denied the application for the fee, and dismissed the wife's petition, saying, "On the opinion of the Court of Appeals, I will dismiss the petition in this case."

In the decision on the cross-appeals, this Court, in the opinion, adverted to the unnecessary burden of expense imposed upon the husband in the taking of testimony and in the preparation of the record on appeal, and reduced the amount to be paid to the wife for her counsel fee from $2,000, which had been allowed below, to $1,000. That allowance did not cover a payment for services on appeal, and it was not the intention of the court to deny the right to any additional compensation, to cover those services. On the contrary, it is the opinion of the court that some additional compensation may still be properly allowed. While the Court considers that it is required to give some protection to a

husband from groundless or excessive expense in litigation by a wife, at the same time, of course, it must secure to a wife an opportunity to have her case fully presented and adjudicated. And while in this case the expense put upon the husband was excessive, we have concluded, after weighing all conflicting considerations, that there should be an additional allowance for counsel fee of $250.

> *Order reversed, and cause remanded for an order to be passed in accordance with this opinion, with costs to the appellant.*