# CIRCUIT COURT NO. 2 OF MORE CITY.

---

Filed June 23, 1926.

---

FRANCES I. EVANS
VS.
HOLDEN A. EVANS.

---

*Haman, Cook, Chesnut & Markell* for plaintiff.

*Janney, Ober, Slingluff & Williams* for defendant.

FRANK, J.—

1. The prayer for relief in this case is for "a partial divorce *a mensa et thoro*." The evidence offered to show adultery by the defendant cannot, therefore, be considered as affording a basis for granting a divorce. It is well settled in this State that the Court has no power to decree a divorce *a mensa* under a bill asking for that relief, when the only ground therefor alleged is adultery.

Stewart vs. Stewart, 105 Md. 297, 300 and fol.

2. The bill of complaint herein alleges desertion and abandonment and this allegation, if established by the evidence will justify the granting of a partial divorce as prayed. It cannot be contended that the defendant has refused to support the plaintiff, although his conduct prior to the passage of the order allowing her temporary alimony indicated that he refused to furnish her with support commensurate with his wealth and position.

3. I find that the defendant by a deliberate and persistent course of conduct so acted as to render it impossible for the plaintiff to live with him as his wife without a complete sacrifice of her self-respect. Under the evidence, I

conclude that she was justified in refusing to cohabit with him, that he was guilty of constructive abandonment of her and that she is entitled to a divorce *a mensa et thoro*.

Silverberg vs. Silverberg, 148 Md. 682, 692.

4. The question of a proper allowance of alimony for the support of the plaintiff and the infant son presents difficulties. One million dollars is a conservative estimate of defendant's pecuniary worth. Much of this is represented by securities which at the present time are unproductive, but which may advance in value and pay an income in the future. The defendant should not be held liable for such speculative future enhancement and return. On the other hand the plaintiff should not be penalized by the action of the defendant in maintaining his funds in securities that now yield no income, whether for the sake of future profit or for any other purpose of his own. I think that for the purposes of fixing alimony, defendant should be regarded as in receipt of an income computed at the rate of five per cent. upon this estimated net worth of $1,-000,000 or $50,000 per annum. I shall award to Mrs. Evans alimony of $10,-000 per annum, payable in equal monthly installments.

5. The custody of Holden A. Evans, Jr., the infant son of the parties, is awarded to the plaintiff, together with an allowance of $3,000 per annum for his education, maintenance and support, subject to the further order of this Court.

6. The threats made by the defendant that he will dispose of his property, in order to defeat the claims of the plaintiff, may call for action by the Court. I am loath, by injunction or sequestration, to interfere with the advantageous management by defendant of his estate, but the rights of the plaintiff must be assured. I should prefer, if possible, to have the form of such assurance settled by an agreement of the parties, as by such an agreement both of the above objects may be best accomplished. If that cannot be done, I shall make such provision as to me seems best adapted to effect these combined purposes.

7. The sum of $10,000 is awarded the plaintiff as compensation to her solicitors, with the understanding that this allowance will cover services to be rendered in the Court of Appeals in connection with any appeals from the decree to be passed in pursuance hereof.

8. The grounds on which I have placed this decision render unnecessary rulings upon the numerous exceptions to the evidence filed by the defendant. Assuming all of them to be well taken, I still find ample evidence to support my conclusions.