JOHN EDDY STEVENS *v.* DAISY E. STEVENS

[No. 29, October Term, 1944.]

*Decided November 2, 1944.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, BAILEY, CAPPER, and HENDER-
SON, JJ.

*Eugene P. Childs* for the appellant.

*Benjamin Michaelson* for the appellee.

BAILEY, J., delivered the opinion of the Court.

John Eddy Stevens and Daisy E. Stevens were married
on August 29, 1918. Two children, a son and a daughter,
were born of this marriage. They lived at several places
in Annapolis and in Anne Arundel County but, for a
number of years prior to their separation on September
3, 1940, their home was on Dean Street in Annapolis.
On September 3, 1940, while Mrs. Stevens was in Balti-
more for the day, Mr. Stevens took his clothes and left
his home. He returned later for his personal effects, but
has never returned to resume marital relations with his
wife, although she has requested him to do so. A few
days later Mrs. Stevens instituted suit in the Circuit
Court for Anne Arundel County for a divorce *a mensa
et thoro* on the ground of desertion, in which suit an
award of alimony *pendente lite* in the amount of $16
per week was made. No further action has been taken
in that suit. On March 5, 1943, Mr. Stevens instituted
suit in the same Court for a divorce *a vinculo matrimonii*
on the ground of abandonment. To the bill of complaint
in this case, Mrs. Stevens filed her answer denying the
abandonment and alleging that Mr. Stevens had aban-
doned her and that he was guilty of adultery. The an-
swer was filed on March 17, and on the same day Mrs.
Stevens filed in said suit a cross-bill of complaint asking
for a divorce *a vinculo matrimonii* on the grounds of
abandonment and desertion, and of adultery, for perma-
nent alimony and for alimony *pendente lite* and counsel
fees. Mr. Stevens answered the cross-bill, denying the
abandonment and desertion, and the adultery. Testi-
mony was taken before an Examiner. The Chancellor,
by his decree, dismissed the original bill filed by Mr.

Stevens, granted Mrs. Stevens a divorce *a vinculo matri-monii,* and ordered Mr. Stevens to pay permanent alimony in the amount of $16 per week, counsel fees to her solicitor and the costs of suit. It is from this decree that the present appeal is taken.

The record is a voluminous one, but much of the testimony is irrelevant and immaterial. Again, much of it relates to the alleged adultery of the husband, and, as the decree *a vinculo matrimonii* is based on the husband's desertion and not on his adultery, it is unnecessary for us to enter into a detailed discussion of that portion of the testimony pertaining to the adultery. It is sufficient for us to state that we agree with the Chancellor's conclusion that the wife did not meet the burden imposed upon her to prove her husband's adultery. *Steinla v. Steinla,* 178 Md. 367, 13 A 2d 534; *Stern v. Stern,* 173 Md. 689, 195 A. 565; *Sterling v. Sterling,* 145 Md. 631, 125 A. 809. As it is undisputed that the husband left the wife, it is for this Court to decide whether he was justified in so doing by reason of the conduct of the wife. This must be determined from all the testimony. It is a clearly defined issue of fact to be determined from the mass of conflicting evidence in the case and we feel that this Court is under no obligation to do more than state its conclusion, with the reasons therefor, on this factual issue. *Silverberg v. Silverberg,* 148 Md. 682, 130 A. 325; *Freeny v. Freeny,* 80 Md. 406, 408, 31 A. 304; *Stirn v. Stirn,* 183 Md. 36 A. 2d 695. The testimony in this case satisfactorily established, with the necessary corroboration, that the husband had no justification for deserting his wife. His conduct over a long period of time, in absenting himself from the home three or four evenings every week until as late as 2 o'clock A. M., without any explanation to his wife, his repeated visits to the home of Mrs. Woolford, under the circumstances appearing in the record, and his constant neglect of his wife in the little things which contribute to marital felicity, were sufficient to create in the wife such a state of suspicion as to cause much of the unpleasant nagging of which he

complains. And the evidence does not support his contention that he was deprived of the peace and enjoyment of his home and disturbed of his rest at night because his wife took roomers. Neither the nagging nor the inconveniences which might have been caused by the presence of roomers in the home are sufficient to constitute legal cruelty. It was said in *Hyatt v. Hyatt,* 173 Md. 693, 196 A. 317, that "nagging, abuse, cursing and swearing do not amount to 'cruelty of treatment' or 'excessively vicious conduct,' which will justify one spouse in deserting the other." Rudeness, use of profane and abusive language and sallies of passion, if not in a manner and degree endangering the other spouse's security or health, are not sufficient. *Mason v. Mason,* 181 Md. 666, 30 A. 2d 748, and numerous cases there cited. The evidence in this case reveals no facts which tend to indicate that at any time during their married life Mr. Stevens' life, person or health was endangered by any conduct on the part of his wife.

The appellant urges, however, that the fact that his wife repeatedly accused him of infidelity is sufficient to bring this case within the rule laid down in the case of *Silverberg v. Silverberg,* supra, where it was held that malicious and false accusations of unchastity on the part of the wife made by the husband in the presence of his own and her friends were calculated to affect her health and destroy her peace of mind and happiness and were sufficient, when considered in relation to other acts of the husband, to justify a divorce *a mensa et thoro* on the ground of cruelty or excessively vicious conduct. But the record in this case discloses that Mrs. Stevens made no public accusations of unchastity against her husband. As we have already stated, her husband's conduct was such as justly to arouse her suspicion and her accusations were always in private with her husband, with their children, with his alleged paramour, Mrs. Woolford, or with Mrs. Woolford's husband, and the purpose of the accusations was not to humiliate and degrade her husband but to persuade him to cease his attentions to Mrs.

Woolford and his intimate association with her. This was not cruelty of treatment, but only what any normal wife, who loved her husband and wanted to maintain a happy home for her family, would have done under the circumstances. But the husband, instead of heeding her entreaties, persisted in continuing the association and finally left the home. His conduct in so doing, under the circumstances of this case, constituted abandonment and desertion of his wife. As the abandonment has continued for the statutory period and is deliberate and final and the separation beyond any reasonable expectation of reconciliation, Mrs. Stevens is entitled to a divorce *a vinculo matrimonii.*

The appellant does not challenge the decree in respect to the amount of permanent alimony and counsel fee. We find no reason to disturb the conclusion of the Chancellor on the amount of permanent alimony awarded. And we feel that the counsel fee was a reasonable one.

For the reasons given the decree will be affirmed in all respects.

> *Decree affirmed, costs to be paid by the appellant.*