EUGENE S. NEWBOLD

*vs.*

ADELAIDE PASSANO NEWBOLD.

*Divorce*: *agreement for alimony; subsequent remarriage of wife.*
*Equity*: *hearing on petition and answer; effect of——.*

Where, upon a bill filed against him for a divorce, the husband in his answer agreed as to what should be allowed a week to his wife for alimony during her life, such a sum, when decreed by the Court, should not be considered as alimony; and the fact that subsequently the wife remarries is no ground for vacating the decree or altering the sum that the defendant agreed should be so paid.                     p. 175

Where a case is set down to be heard on petition and answer, it admits the truth of all matters stated in the answer which were susceptible of proof by legitimate evidence.         p. 172

*Decided June 20th, 1918.*

Appeal from the Circuit Court for Baltimore County. In Equity. (McLANE, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Whitelock* (with whom were *Whitelock, Deming & Kemp* and *Wm. Ewin Bonn* on the brief), for the appellant.

*Frank G. Turner*, for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellant herein in March, 1915, filed a bill for an absolute divorce on the ground of abandonment against the appellee herein. On June 21, 1915, the appellee filed her answer thereto denying the allegations of abandonment and on the same day filed a cross-bill for absolute divorce on the ground of adultery.

The appellant did not prosecute his bill and it was dismissed under date of July 19, 1915; neither did the appellant answer the cross-bill of his wife but it was prosecuted by the appellee and decree entered on the 14th day of August, 1915, divorcing her from the appellant, *a vinculo matrimonii* and awarding her the guardianship and custody of their minor child.

> "And it is further adjudged, ordered and decreed, that the said complainant, Adelaide Passano Newbold, is entitled to receive by way of alimony, out of the said Eugene S. Newbold's estate, and the said Eugene S. Newbold is hereby ordered to pay unto Adelaide Passano Newbold, the complainant in the cross-bill, a weekly allowance of Eighty Dollars ($80.00) to be computed from this 14th day of August, 1915, and payable thereafter on each and every Saturday, during the lifetime of the said Adelaide Passano Newbold."

On October 16, 1917, the appellant filed a petition alleging that the appellee had remarried and become the wife of a certain John B. McCormick and alleging that the said John B. McCormick had become liable for the support and maintenance of the said Adelaide Passano McCormick and that the petitioner should be relieved from all obligation to maintain or support her, or to make any further payments of alimony for her support and maintenance; and further prayed by amendment that the Court fix a proper allowance for the support and maintenance of the infant child of the parties.

The appellee filed a demurrer to the petition but the Court overruled the demurrer and rescinded the decree as to alimony. Later the order of December 3, 1917, was rescinded and an order overruling the demurrer with leave to answer was filed.

The case was then set down by the appellant to be heard on petition and answer. By doing this the appellant admitted the truth of all matters stated in the answer which were susceptible of proof by legitimate evidence. It therefore became the evidence of the case. *Miller's Equity,* sections 255 and 256.

The answer was quite a long one and exceptions were filed to six of its paragraphs, five of which were stricken out by the Court and exceptions to the six overruled. The paragraph left in dealt with the financial standing of the appellant.

We will here reproduce some of the paragraphs that remained in the answer after the ruling on exceptions:

"Seventh—That in accordance with an agreement between counsel for the respective parties made and concluded before the taking of testimony, evidence was not taken as to the proper amount or allowance to this Respondent of the estate of the said Eugene S. Newbold, or the amount he should pay as alimony to this Respondent, nor the amount properly payable by the said Eugene S. Newbold for the support, maintenance and education of the child of this Respondent and Eugene S. Newbold, as it was agreed that the allowance of eighty dollars ($80.00) per week, 'to be computed from this 14th day of August, 1915, and payable thereafter, on each and every Saturday during the lifetime of the said Adelaide Passano Newbold,' was a proper and reasonable allowance out of the estate and earnings of the said Eugene S. Newbold, as compensation to his wife, and as maintenance for her and their son, John Passano Newbold. It then being agreed that when the said John Passano Newbold should reach the age that he should be sent to school or college that the said Eugene S. Newbold would then provide and pay to this Respondent any additional sum which would be reasonably appropriate for such schooling or education.

"That when, in accordance with the Rules of Court, it was appropriate to submit this cause for decree, the solicitors for Eugene S. Newbold, pursuant to agreement and appointment with this Respondent's solicitor,

submitted the cause to the Honorable Frank I. Duncan for decree, on the 14th day of August, 1915, at which time the decree, prepared in so far as the amount of alimony and the payment thereof in accordance with the agreement between the parties, was presented.

"That at the submission for decree the said Eugene S. Newbold was represented by his brother, David M. Newbold, Jr., Esq., solicitor, who then confirmed the agreement as to alimony by stating to the Court that the provision as to alimony was satisfactory to the said Eugene S. Newbold and his solicitors.

"Tenth—This Respondent, further answering the Petition of Eugene S. Newbold, says that while she was granted the guardianship and custody of John Passano Newbold, there was no provision in the decree of divorce directing payment by the said Eugene S. Newbold for the support of his son, as it was agreed between the parties before the taking of testimony that the payment of the agreed sum of eighty dollars ($80.00) per week as alimony 'during the lifetime of the said Adelaide Passano Newbold' should cover and include the maintenance of the son of the said Eugene S. Newbold until he arrived at the age when he should be sent to school or college, at which time the said Eugene S. Newbold was to make greater payments to cover such natural added expenses.

"Twelfth—This Respondent, now further answering the said petition of the said Eugene S. Newbold, says that the stipulation of eighty dollars ($80.00) per week alimony to be paid 'during the lifetime of the said Adelaide Passano Newbold,' so inserted in her decree of divorce, was so inserted pursuant to an agreement, made by and on behalf of this Respondent and the said Eugene S. Newbold, and that the said payment of eighty dollars ($80.00) per week was to continue during the lifetime of this Respondent, out of which said payments this Respondent was to support and maintain the said John Passano Newbold till he should reach the age when he should be sent to school or college, at which time the payments by the said Eugene

S. Newbold were to be increased to meet such added expenses.

"Thirteenth—That the said Eugene S. Newbold is a person of large means and large income, derived from his salary as President, etc., of the City Illuminating Company of Philadelphia; as President, etc., of the American Street Lighting Co.; as Vice-President of the Welsbach Company of Philadelphia, from property owned by him, and from various patented devices and appliances, this Respondent being informed and believing and therefore ,charging that the annual income of the said Eugene S. Newbold is greatly in excess of twenty-five thousand dollars ($25,000.00), and that the income of the said Eugene S. Newbold has been for years equal to said stated amount, and that his income and receipts will so continue."

The Court passed a decree dismissing the petition and the petitioner appealed.

Having set out verbatim certain paragraphs of the answer, not much comment is necessary to demonstrate that this case falls directly within the ruling of this Court. In the recent case of *Emerson* v. *Emerson,* 120 Md. 584, it will be recalled the former husband tried to be relieved from the payment of alimony to his former wife upon her remarriage. In deciding that case, the opinion filed dealt thoroughly with the law relating to alimony in this State, also the authority of the courts to award alimony, and also the power to modify provisions as to alimony in decrees, and also the power to incorporate in a decree the provisions of an agreement of the parties as to alimony approved by the Court. In that case, as in this, the parties were in agreement as to the provisions for alimony the Court should incorporate in the decree. In that case there was a written agreement, while in this, the allegations of the answer are to the same effect. We held in the *Emerson case,* as we must in this, that what the Court decreed was not alimony as recognized in this State, and, quoting from that case, we said as follows: "Although the bill prayed for alimony, and the beginning of the agreement

stated that on the question of alimony no testimony need be taken, but that the agreement should be followed, nevertheless, although they called it alimony, it was not alimony as understood and followed under the Maryland law. It was not alimony as the Court, in the absence of the agreement, would have decreed. A mere recital of the provisions shows that under our statutes and decisions no such decree could have been passed, if this appellant had not been in agreement upon it. It was a plain attempt upon his part to have allowed to his wife something more than, under the law, could have been allowed as alimony and as the learned Judge below said, we 'should blind ourselves to the fact if we should treat that arrangement as one of alimony.' If for alimony, why did he bind himself to pay these annual sums up and until the death of the wife, irrespective of whether or not she survived him? Was not that providing more than he could have been compelled to provide under the terms of alimony? It is settled in this State that alimony ceases upon the death of either of the parties. *Wallingsford* v. *Wallingsford,* 6 H. & J. 485. Why did he agree to surrender six hundred shares of valuable stock to trustees, to enforce the payment of the sums during the life of the wife, and, in terms, only provided for their return to him at the death of the wife? Why the absolute transfer of all the furniture and the use of the Italian Gardens to the wife? None of these could have been decreed without his consent, and the conclusion is clear that he intended under this agreement to assure to his wife these provisions during the balance of her life, irrespective of any contingencies. The Court having embodied his agreement in the decree, we are of the opinion that a Court of Equity should not disturb it."

What we said there applies with equal force to the present case and we will therefore affirm the decree of the lower Court.

*Decree affirmed, the appellant to pay the costs.*

BRISCOE and STOCKBRIDGE, JJ., dissent.