## MAE CLARKE *v.* THOMAS A. CLARKE.

### *Divorce—Alimony—Modification of Decree.*

A decree of divorce *a mensa et thoro*, which expressly provides that the plaintiff wife shall not receive any alimony, may be modified in this regard even after enrollment, by reason of altered circumstances.

*Decided January 14th, 1926.*

Appeal from the Circuit Court No. 2 of Baltimore City (DAWKINS, J.).

Bill by Mae Clarke against Thomas Clarke. From an order sustaining a demurrer to a petition by the plaintiff for a modification of the decree rendered, she appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Peter Peck,* with whom were *Armstrong Thomas* and *E. B. Christensen* on the brief, for the appellant.

*Warren N. Arnold* and *William F. Podlich,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

On January 31st, 1924, the appellant was granted a divorce *a mensa et thoro* from the appellee. In the decree it was further provided that "the said plaintiff, Mae Clarke, is not entitled to receive any alimony from the said Thomas A. Clarke; and it is further ordered that the defendant, Thomas A. Clarke, pay the costs of this suit, as well as a fee of thirty-five dollars as a fee for her counsel, Peter Peck."

That is all that the record discloses of the divorce proceeding.

On May 28th, 1925, appellant filed a petition in the same cause, in which she recited said decree, and alleged that at the time of the passage of the decree she was earning $11 weekly and the defendant from $105 to $130 monthly as a car inspector at Hillen Station, but for nearly a year has been an automobile salesman, with an average weekly income of $60; that he has an apartment, employs a housekeeper, and owns an automobile; that she has worked faithfully to support herself, but in October, 1924, developed kidney trouble and was forced to remain at home because of her great suffering, and compelled to lose from two to three days a week, and finally to quit work and become destitute; that there is still due and unpaid by defendant the fee allowed her counsel; that she is in dire need of financial assistance.

The prayer of the petition is for a modification of the decree because of the great difference between the present circumstances of the parties and those which existed when the decree was passed; and for such other and further relief as her case may require.

On the petition an order *nisi* was passed, requiring the defendant to show cause why a modification of the decree should not be granted.

Appellee demurred to the petition on the ground that the decree had become enrolled, and the court was without jurisdiction to change, alter, or modify a final decree granting a divorce *a mensa et thoro* more than a year after the same is

granted, by reason of any changed circumstance of the parties to said decree. The demurrer was sustained. This appeal is from that order.

As early as *Wallingford v. Wallingford,* 6 H. & J. 485, alimony was defined as a maintenance afforded to the wife, where the husband refuses to give it, or where by his improper conduct he compels her to separate from him. See also *McCaddin v. McCaddin,* 116 Md. 567. And the practice has been practically uniform in this state to allow permanent alimony where the wife is granted a divorce *a mensa et thoro,* and she is without means of support, and the husband is able to support her.

But it is contended by appellee that, alimony having been expressly refused by the decree, and the decree having become enrolled, it is final, and cannot be modified by reason of altered circumstances. At common law, and under ecclesiastical procedure courts entertained petitions for permanent alimony in cases of partial divorce, without regard to whether the decree granting the divorce did or did not provide for alimony. *Schouler on Marriage, Divorce, Separation and Domestic Relations* (6th ed.), sec. 1807; *Nelson on Divorce,* sec. 933; *Stewart on Marriage and Divorce,* sec. 370; 2 *Am. & Eng. Ency. of Law* (2nd ed.), 135.

It is well settled by our decisions that the rules of the ecclesiastical courts of England prevail in Maryland so far as they are consistent with the Code. *Emerson v. Emerson,* 120 Md. 584. In that case it is said: "It is not, nor can it be, disputed that the ecclesiastical courts had power at any time, upon proper cause shown, to modify the provisions of a decree as to alimony. It is also conceded that our courts of equity have power to modify provisions as to alimony in decrees of divorce *a mensa.* The jurisdiction, in decrees of that character, was not exhausted by the rendering of the decree. The authorities are unanimous that the courts retained the continuing jurisdiction over these decrees * * *." It is further there held that under our statutes even a decree for absolute divorce may be modified at any

time as to alimony. The cases cited by appellee from other jurisdictions either were not cases of partial divorce, or were cases depending upon statutes.

In our opinion appellant's petition made out a case for equitable relief, and the demurrer should have been overruled.

> *Order reversed and case remanded for further proceedings, with costs to appellant.*