## TYLER W. SPEAR *v.* HELENE M. SPEAR.

[No. 13, January Term, 1930.]

*Decided March 13th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Howard A. Sweeten,* with whom were *Weinberg & Sweeten* on the brief, for the appellant.

*Richard E. Preece,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The question for determination on this appeal presents little difficulty, because in our opinion the recent case of *Dickey v. Dickey,* 154 Md. 675, is decisive. The facts are that in March, 1926, the appellee filed a bill for absolute divorce from the appellant on the ground of abandonment and desertion. The prayers were for a divorce *a vinculo matrimonii,* care and custody of the minor child, and permanent alimony for the support of herself and said child. Prior to the answer of the defendant in that case (appellant here), the parties filed an agreement in court wherein it was stipulated that its terms and conditions should be embodied in and become part of a decree, with the permission of the court; the terms being, first, that the husband shall pay to the wife "as permanent alimony, the sum of $1,200 per annum, to be paid in equal monthly instalments, the first instalment to be paid on the day of the signing of the decree in this cause, and the said payments are to continue on the same day of each succeeding calendar month for the period of the plaintiff's life"; second, that the wife should have the care and custody of the minor child until he attained his majority. The husband subsequently filed an answer, and thereafter the chancellor passed the following decree: "It is thereupon this 22nd day of April, A. D. 1926, by the Circuit Court of Baltimore City, adjudged, ordered and decreed, that

the said Helene M. Spear, the above named complainant, be and she is hereby divorced *a vinculo matrimonii* from the defendant, the said Tyler W. Spear. And it is further ordered that said complainant shall have the guardianship and custody of Robert W. Spear, the minor child of the parties in the proceedings mentioned; and that said defendant shall pay said complainant the sum of one ($100.00) hundred dollars per month, accounting from the date of this decree, as permanent alimony and for the support and maintenance of said child, said payments to continue for the period of said complainant's life." Under the terms of this decree, the first payment to the wife for the support of herself and child was April 22nd, 1926. Since that time the payments have been made and accepted in accordance therewith.

On September 18th, 1929, the husband filed his petition setting forth the passage of the former decree, and alleging that since its passage his former wife had remarried, that the petitioner is willing to suport his child, but feels that it is an injustice to require him to continue to contribute anything towards the support of his wife, and alleging his willingness to pay $50 per month for the support of the child, but praying the court to pass an order modifying the decree so that the petitioner will be required to support his said minor child only. The answer of the complainant in the original divorce proceeding admits the passage of the decree as set out in the petition, but alleges that the $100 per month, payable to her under its terms, was awarded by the court under and by virtue of the terms of the agreement of April 3rd, 1926, heretofore mentioned. She admits her remarriage. The chancellor passed an order or decree denying the relief prayed and dismissing the petition. The appeal is from that action.

The correct decision of the question involved depends upon whether the original decree in the divorce proceeding was a decree for alimony, or was an incorporation of the agreement between the parties. If its terms adopted by the chancellor were an award of alimony, as that is defined in the

settled law of the state, the remarriage of the wife would extinguish the obligation of the husband to make payment subsequent to the remarriage. *Wallingsford v. Wallingsford*, 6 H. & J. 485; *Dickey v. Dickey, supra,* and cases therein cited. If, however, the terms of the decree took the award out of the category of alimony and were an incorporation of the agreement of the parties, the remarriage of the wife would have no effect upon the liability of the husband to make payments in accordance with its terms; or, as stated by Judge Parke in *Dickey v. Dickey,* if the allowance to the wife in the decree is the result of a previous agreement between the spouses and does not fall within the accepted definition of alimony, so that it would have been impossible for the chancellor to have allowed permanent alimony as the decree provides, then, notwithstanding the parties and even the court called it alimony, the allowance for the wife in the decree was not alimony, and a court of equity has no power to modify the decree as in the case of an award of alimony. Alimony is a provision by the husband for the wife's support that continues only during their joint lives, or so long as they live separate and apart, or until the wife remarries. *Emerson v. Emerson,* 120 Md. 584. In the *Dickey* case, *supra,* the agreement incorporated in the decree was that the husband should pay the wife a weekly sum of money until her death or remarriage, and did not limit the payment to the joint lives of the spouses. To quote from Judge Parke: "And hence was not what the court could have decreed as alimony; but this agreement, providing the wife with a weekly stipend, without reference to whether or not the husband survived her or they lived separate and apart, was properly incorporated in the decree, as was determined by *Emerson v. Emerson,* 120 Md. 584, and *Newbold v. Newbold,* 133 Md. 170; *Miller's Eq. Proc.,* sec. 269; 2 *Bishop, Marriage & Divorce,* sec. 885." In the present case the decree passed in conformity with the agreement not only provided that the payment of $100 per month should be made without reference to the life of the husband, but also that it should continue for

the life of the wife without regard to whether she remarried, which was not within the meaning of alimony, but was pursuant to the contract. It is argued by the appellant that, because the decree provided that the minor child should be supported out of the monthly stipend, whereas by the terms of the agreement the full amount thereof was agreed to be given to the wife, without limitation, the decree was not an incorporation *verbatim* of the agreement, and therefore the award made was alimony and subject to change or modification. We cannot accept this conclusion. As shown, the decree embodied conditions which, no matter what they may have been called, removed it outside of the meaning of alimony. *Dickey v. Dickey, supra.* It was an adoption of the provisions of the agreement between the parties. The prayer of the bill for divorce was for the care and custody of the child and the payment of a sum for the support of the wife and child. The agreement was that the care and custody of the child be awarded the wife, and that the husband pay to the wife, so long as she might live, the monthly sum of $100 as permanent alimony. The payment of the monthly sum for the life of the wife could not be decreed as alimony. There was nothing said in the agreement about payment to the wife for the support of the child, and it must be held that the chancellor construed the agreement to mean that, out of the sum agreed to be paid to the wife, the child should be supported. This interpretation has been acquiesced in by the parties since the passage of the decree, and, if it could be held to be a modification of its literal terms, it has resulted in the husband being relieved since that time of the support of the child, which otherwise the law would have compelled. It being impossible for the chancellor to have passed an alimony decree such as here, and it being a substantial compliance with the agreement of the parties, which results more favorably to the husband, the decree dismissing the petition in the case will be affirmed.

*Decree affirmed, with costs to the appellee.*