EMMA A. MARSHALL *v.* J. WILLIAM MARSHALL.
[No. 49, October Term, 1932.]

108

*Decided January 19th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Clarence K. Bowie* and *Edward H. Burke,* for the appellant.

*D. K. Este Fisher,* for the appellee.

URNER, J., delivered the opinion of the Court.

This case is governed by the principle of the decisions in *Spear v. Spear,* 158 Md. 672, 149 A. 468; *Dickey v. Dickey,* 154 Md. 675, 141 A. 387, 388; *Newbold v. Newbold,* 133

Md. 170, 104 A. 366; and *Emerson v. Emerson,* 120 Md. 584, 87 A. 1033. It was determined in those cases that a decree of divorce which, in accordance with an agreement of the parties, made provisions for the wife beyond the period and scope of alimony allowances, was not subject to later rescission or modification, with respect to such provisions, on the husband's petition.

The decree in the present case, after granting the wife's application for an absolute divorce, and awarding to her the custody of the two infant children, provided that the defendant pay to the plaintiff, until her "death or remarriage," the sum of fifty dollars per month, "for the support and maintenance of herself and the care, education, maintenance and support" of the children, and that, upon her "death or remarriage," the defendant "shall pay the sum of twenty-five dollars per month to each of his said children" until their death or marriage, respectively, "at which time" such payments shall cease. It was further provided by the decree that the defendant convey his house and lot, in Baltimore, to the plaintiff and the two children "for their use and benefit for a period no longer than their respective unmarried lives, upon such terms and conditions as shall be agreed upon" by the parties to the suit. The conveyance was made in pursuance of the decree, which was passed on November 23rd, 1905, and payments under its terms were made for a period of several years, but were thereafter discontinued because of the defendant's removal from Maryland and his inability to continue compliance with the decree's requirements. Recently he has become entitled to an interest, valued at approximately $20,000, in a personal estate awaiting distribution in the City of Baltimore. An attachment against the defendant's interest in that estate was issued by the plaintiff, as authorized by an order of the lower court, passed at her instance, ascertaining the amount due under the original decree and directing execution. That order was subsequently rescinded, after a hearing, by a decree which also disallowed the plaintiff's claim for the payments in arrears, quashed the

attachment previously permitted, and relieved the defendant from further liability to make the payments formerly decreed, but reserved jurisdiction to require their resumption in the event of a change in the circumstances of the parties. From the rescinding decree the plaintiff has appealed.

It is clear from the record that the original decree was passed in conformity with an agreement of the parties in regard to its pecuniary and property provisions. It could not properly have made those provisions without such an agreement. The report of the auditor and master stated that the parties had "agreed to the alimony as allowed in the decree," and it was passed as thus reported, with a separate endorsement of approval by that officer of the court. The testimony in the record supports the verity of his report in that respect. In *Newbold v. Newbold, supra,* the solicitors for the parties orally expressed in open court the agreement as to the provisions for the wife which the decree embodied. There is consequently no reason to distinguish this case from those we have cited, on the suggested theory that an agreement as to the terms of the decree has not been sufficiently established. Nor can the fact that the report of the auditor and master referred to the provisions as alimony affect the determination of the case. Even if they had been so characterized in the decree itself, they could not be accorded that quality in opposition to its plain and specific effect. This was definitely decided in *Dickey v. Dickey,* and *Spear v. Spear, supra.*

In the first of those cases, the law governing such questions in this state was discussed in the opinion delivered by Judge Parke for this court, in part as follows: "Since the case of *Wallingsford v. Wallingsford,* 6 H. & J. 485, it has been the settled law of Maryland that permanent alimony is a provision by the husband for the wife's support that continues only during their joint lives or so long as they live separate and apart. 2 *Bishop on Marriage and Divorce,* secs. 836, 858; *Emerson v. Emerson,* 120 Md. 584, 590, 87 A. 1033; *Polley v. Polley,* 128 Md. 60, 63, 97 A. 526; *McCa⅃-*

*din v. McCaddin,* 116 Md. 572, 82 A. 554; *Newbold v. Newbold,* 133 Md. 170, 175, 104 A. 366; *Hood v. Hood,* 138 Md. 355, 365, 113 A. 895; *Blades v. Szatai,* 151 Md. 644, 649, 135 A. 841. It is equally well established in this state that a final decree of divorce *a mensa et thoro* or *a vinculo matrimonii* may be modified at any subsequent time as to alimony. *Clarke v. Clarke,* 149 Md. 590, 592, 593, 131 A. 821; *Winchester v. Winchester,* 138 Md. 95, 97, 113 A. 584; *Braecklein v. Braecklein,* 136 Md. 33, 38, 109 A. 546. If, however, the allowance to the wife in the decree is the result of a previous agreement between the spouses and does not fall within the accepted definition of alimony, so that it would have been impossible for the chancellor to have allowed permanent alimony as the decree provides, then, notwithstanding the parties and even the court called it 'alimony,' the allowance for the wife in the decree was not alimony, and a court of equity has no power to modify the decree as in the case of an award of alimony. *Infra.* The agreement by the husband to pay the wife a weekly sum of money until her death or remarriage did not limit his payments to the joint lives of the spouses, and hence was not what the court could have decreed as alimony; but this agreement providing the wife with a weekly stipend, without reference to whether or not the husband survived her or they lived separate and apart, was properly incorporated in the decree, as was determined by *Emerson v. Emerson,* 120 Md. 584, 598, 599, 87 A. 1033, and *Newbold v. Newbold,* 133 Md. 170, 174, 175, 104 A. 366. *Miller's Equity,* sec. 269; 2 *Bishop on Marriage and Divorce,* sec. 885."

In that case the decree, based upon the agreement, provided that the defendant should pay to the plaintiff "as permanent alimony" the sum of $25 per week "until her death or remarriage." This provision was held not to be in legal effect alimony, and neither subject as such to reduction on petition of the defendant, nor enforceable by attachment for contempt on the plaintiff's application.

In *Spear v. Spear, supra,* the decree, as agreed by the par-

ties, directed the defendant to pay the plaintiff $100 per month "as permanent alimony" and for the support and maintenance of their child, the "payments to continue for the period of said complainant's life." The plaintiff having remarried, the defendant applied for a modification of the decree to the end that he might be required to contribute only to the support of the child. The refusal of the chancellor to make such a modification was affirmed on appeal. Speaking through Judge Digges, this court said: "The correct decision of the question involved depends upon whether the original decree in the divorce proceeding was a decree for alimony or was an incorporation of the agreement between the parties. If its terms adopted by the chancellor were an award of alimony, as that is defined in the settled law of the state, the remarriage of the wife would extinguish the obligation of the .husband to make payment subsequent to the remarriage. * * * If, however, the terms of the decree took the award out of the category of alimony, and were an incorporation of the agreement of the parties, the remarriage of the wife would have no effect upon the liability of the husband to make payments in accordance with its terms. * * *" Because the decree, in conformity with the agreement, required the defendant to make monthly payments to the plaintiff during her lifetime, without any expressed regard to his death or her remarriage, it was held that the provision, though called alimony in the decree, "was not within the meaning of alimony, but was pursuant to the contract," and was therefore not subject to the modification which the defendant proposed.

The requirements of the present decree are for payments to the plaintiff until her death or remarriage, and, upon the occurrence of either of those events, for the continuance of the payments to the children in equal shares until their death or marriage, respectively, and for a conveyance of real estate to the mother and children under substantially similar limitations. Certainly such provisions, embodied in the decree by agreement, could not properly be classed as alimony, and

114

subject as such to modification, consistently with the series of decisions we have cited.

It is contended that the appellant has lost by laches her right to enforce the decree under which she claims. The absence of the defendant from the state, and his inability to make the payments, during most of the period since they were discontinued, sufficiently account for the delay in the enforcement of the decree, and, since it finally adjudicated the defendant's liability, he could not be prejudiced in reference to it by the subsequent lapse of time. The fact that, during his long residence in California, he assumed other marital and parental obligations, is not an adequate ground for exempting him from his decreed liability. *Langrall v. Langrall,* 145 Md. 340, 125 A. 695. It is argued that the appellant neglected a continuing opportunity to enforce the decree by execution against the appellee's reversionary interest in the house and lot conveyed under its terms. But the appellant testified that she was ignorant of her right to proceed against the appellee's interest in that property, subject as it was to three precedent estates, and we can see no injury to him in the circumstance that his reversion was left undisturbed. The case is therefore devoid of the element of prejudice to the defendant upon which the application of the doctrine of laches in part depends. *McInnes v. McInnes,* 163 Md. 303, 163 A. 85; *Kaliopulus v. Lumm,* 155 Md. 30, 141 A. 440; *Hopper v. Brodie,* 134 Md. 290, 106 A. 700; *Demuth v. Old Town Bank,* 85 Md. 315, 37 A. 266. The defense of laches, interposed by the appellee, is closely connected in the argument on his behalf with the theory of estoppel, based upon his testimony to the effect that the appellant told him, at the period of the divorce, that, if he became unable to make the payments required by the decree, she would excuse him from that obligation. It is positively denied by the appellant that she made any such promise. In view of that contradiction, the uncorroborated testimony of the appellee on the subject need not be further considered.

It is conceded that no sums which became payable under the decree more than twelve years before the filing of the

petition for the enforcing process can be recovered, in view of the Code provision that no "bill, testamentary, administration or other bond (except sheriffs and constables' bonds), judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or ad-. mitted in evidence against any person in this State after the principal debtor and creditor have both been dead twelve years, or the debt or thing in action is above twelve years' standing." Code, art. 57, sec. 3. But it is argued for the appellee that the enforcement of the decree is wholly barred by section 20 of article 26 of the Code, which provides: "On all judgments or decrees in any court of law or equity * * * an execution or attachment may issue out of such court or by the clerk thereof, at any time within twelve years from the date of the judgment or decree, or the said judgment or decree may be otherwise proceeded with within twelve years from its date; * * * provided, that at any time before the expiration of twelve years from the date of any such judgment or decree * * * the plaintiff shall have the right to have a writ of *scire facias* to renew or revive the same. * * *" It is also provided in the section just quoted from that, "in case of the death of any plaintiff in any such judgment, the executor, administrator or other person entitled to the judgment or decree shall, on application to the clerk of the court having control of the docket whereon such judgment or decree is entered or recorded, be made a party to the same by suggesting the death of the plaintiff in writing, and causing his name to be inserted in the place of said plaintiff or his legal representatives, and have execution or attachment as the plaintiff might have had if no such death had taken place; and in the case of the marriage of a female plaintiff in any such judgment or decree, she may suggest in writing her said marriage, and have execution or attachment thereon, in her new name acquired by such marriage."

The monthly payments required by the decree of divorce in this case, to be made by the defendant to the plaintiff, were limited to the period during which she might continue

to live and not remarry. Such a decree is beyond the purview of the statute last cited. The judgments and decrees contemplated by that statute are those which may survive the death or marriage of the person for whose benefit they were originally entered. Preliminary to an execution on a decree like the one now under consideration, a proceeding to ascertain the amount of the unpaid installments, and the existence of the conditions upon which its enforcement is dependent, would be essential. That course was followed in the present case. Until the passage of an order determining the amount due and authorizing execution, the decree would not become a lien on the defendant's property, but would only have the effect of an adjudication of liabilities thereafter maturing at stated periods. Upon a proper petition and order such a decree may be enforced by execution or attachment as to all unpaid installments which may have become due within the preceding twelve years. When a supplemental order to that end is procured, it should be docketed and indexed as an original decree or judgment creating a lien.

An allowance of interest on the collectible installments is claimed and opposed. That is a question which is committed largely to the chancellor's sound discretion; the decree having made no provision for such a charge. *Edmondson v. Slicer,* 153 Md. 674, 139 A. 545; *Jaeger v. Shea,* 130 Md. 1, 99 A. 954. But, as the question is discussed in the briefs, we think it proper to say that, under all the circumstances of the case, in our opinion the claim of interest may equitably be disallowed.

> *Decree appealed from reversed, with costs, and cause remanded for an order or a decree in conformity with this opinion.*