## JEANNETTE K. WILCOX *v.* RUSSELL G. WILCOX.

*Res Adjudicata—Abandonment Of Wife—Bill For Alimony— Divorce—Record on Appeal.*

A decree, dismissing a bill by a wife for permanent alimony on the ground of abandonment and cruelty, involved a judicial determination that there was no abandonment at the date of that decree, and consequently required the dismissal of a bill for absolute divorce on that ground, filed by the wife within three years after that decree.           pp. 122-124

On appeal from a decree refusing a divorce for abandonment, *held* that the testimony and decree, in a previous suit by appellant for alimony on that ground, not being properly made part of the record, although possibly conclusive as against appellant, the case should be remanded for the taking of further testimony, in order that these matters might be made a part of the record.
                                    p. 124

*Decided March 9th, 1926.*

Appeal from the Circuit Court No. 2 of Baltimore City (DAWKINS, J.).

Bill by Jeannette K. Wilcox against Russell G. Wilcox for divorce *a vinculo.* From a decree for defendant, plaintiff appeals. Remanded without affirmance or reversal.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*Lee I. Hecht,* with whom was *Webster C. Tall* on the brief, for the appellant.

DIGGES, J., delivered the opinion of the Court.

In December, 1921, the appellant filed a bill in the Circuit Court of Baltimore City against the appellee, the object of

which was to secure a decree for alimony both *pendente lite*
and permanent. The allegations of this bill with which we
are now concerned are: "That although the conduct of your
oratrix towards her husband, Russell G. Wilcox, the defend-
ant herein, has been that of a chaste and good wife, yet the
defendant has, from time to time, treated her with extreme
cruelty, abusing her, and at times, for weeks, refusing to
speak to her or their infant child; and now, for a period
of over a year, to wit: since the 23rd day of March, 1920,
has abandoned your oratrix and their said infant child,
having left your said oratrix seriously ill, suffering from
pneumonia, at their home, to wit, 4910 Reisterstown Road,
necessitating your oratrix being removed in an ambulance
to the home of her parents, where she received proper med-
ical treatment and nursing; and further, immediately after
your said oratrix was removed to the home of her said par-
ents, the defendant removed all of the articles belonging to
your oratrix and their infant child, including one $50 Lib-
erty Bond and two savings bank books, from their home here-
tofore mentioned, and further, has refused to return the
same, although repeated demand has been made for the
return of said articles; has repeatedly refused, and now
refuses, to properly support your oratrix and their said child
in a manner proper and fitting with their station in life,
and the salary of the defendant."

The prayers of the bill were: "That your oratrix may be
awarded a proper and sufficient alimony, both *pendente lite*
and permanent, out of the earnings of the said defendant,
both for herself and their said infant child"; and further,
for the custody of the infant child and reasonable counsel
fees.

The defendant (appellee here) filed his answer to that
bill of complaint, denying all of the material allegations
of the bill, and expressly denying the allegations which are
quoted above. On May 12th, 1922, testimony was taken
in open court before the now Chief Judge of this Court,
who on May 18th, 1922, denied the prayer for permanent

alimony and awarded the custody of the minor child to the complainant, and decreed that the defendant should pay the complainant $7.50 per week for the support and maintenance of the child.

On October 30th, 1923, the appellant filed her bill, in the Circuit Court No. 2 of Baltimore City, against the appellee, for an absolute divorce, alleging that her husband (the appellee) without just cause deserted and abandoned her since the 23rd day of March, 1920, and declared his intention to live with her no longer; and that the abandonment is deliberate and final and without any hope of reconciliation. The prayers of this bill were, for divorce *a vinculo matrimonii,* for the care and custody of the infant child, for alimony *pendente lite* and permanent, and for counsel fees. The defendant in that suit was duly summoned, and failed to appear or answer within the time prescribed; and thereafter a decree *pro confesso* was obtained against him, with leave to take testimony before an examiner. Testimony having been taken *ex parte* and duly returned, the case was, on February 25th, 1924, referred to an auditor and master, to report the pleadings and the facts and his opinion thereon. The report and findings of the master were filed April 25th, 1924, and showed that, in the master's opinion, the marriage was proven, the abandonment for three years, its finality and the irreconcilability of the parties, and then proceeded as follows:

"The proceedings herein contain a reference to a prior case between the same parties in the Circuit Court of Baltimore City (Docket 1921 B, fol. 632). This was the wife's bill for alimony, alleging cruelty and also abandonment since March 23, 1920. The case was tried in open Court before Judge Carroll T. Bond, who on May 18, 1922, passed a decree denying the prayer for permanent alimony. The testimony in that case was not written up; and Judge Bond informs me that he has no recollection of the facts. Counsel for the wife (the same in both cases) informs me, however, that the earlier case was really tried out on the ground of

cruelty and not of abandonment, and that the allegation of abandonment was made as part of the charge of cruelty.

"The bill in the present case alleges (and the proof in my opinion shows) an abandonment since March 23, 1920. It seems to me that the decree of Judge Bond in the former case is *res adjudicata* on the matter of abandonment, but the point is submitted for the ruling of the court thereon in view of counsel's further contention that the defendant having been summoned and the testimony in the former case not being available, it is not incumbent upon the State to press this defense."

Upon this report the chancellor, on June 23, 1925, passed a decree dismissing the bill and denying the relief prayed for therein. From this decree the present appeal was taken.

It will be noted that the bill in this case was filed on October 30th, 1923, and the sole ground alleged therein for the granting of the divorce to the complainant is abandonment by the defendant, beginning March 23rd, 1920, and continuing for a period of more than three years before the filing of the bill. It is further seen that the decree passed in the case between the same parties, upon the bill of the appellant for permanent alimony, was dated May 18, 1922. This decree dismissed the bill of complaint, and there being no appeal therefrom, finally determined that the complainant had not substantiated the allegations of her bill of complaint; and was an adjudication which necessitated passing upon the question of whether the proof was sufficient to establish the truth of the allegations and warrant the granting of the prayer for alimony.

It is definitely settled in this state, by reason of the provisions of the statute and repeated decisions of this Court, that courts of chancery have the power and authority to consider bills for alimony alone, as well as alimony in connection with and incident to decrees for divorce; but it has been established with equal certainty that courts of equity have no authority or power to decree alimony upon bills for that purpose alone, unless such facts be alleged and proven as would entitle the complainant to a divorce, either *a vin-*

*culo.* or *a mensa.* *Helms v. Franciscus,* 2 Bland. 544; *Wallingsford v. Wallingsford,* 6 H. & J. 485; *Outlaw v. Outlaw,* 118 Md. 498; *Polley v. Polley,* 128 Md. 60; *Hood v. Hood,* 138 Md. 355. The bill filed by the appellant in 1921 for permanent alimony contained two allegations, one of cruelty and the other of abandonment, either one of which, if proven, would have been sufficient upon which to base a decree for permanent alimony. It is contended on behalf of the appellant that the first case was tried and decided upon the issue of cruelty alone; but that portion of the bill hereinbefore quoted contains two distinct allegations, to wit: First, "the defendant has, from time to time, treated her with extreme cruelty, abusing her, and at times, for weeks, refusing to speak to her or their infant child"; second, "and now, for a period of over a year, to wit, since the 23rd day of March, 1920, has abandoned your oratrix and their said infant child, having left your said oratrix seriously ill, suffering from pneumonia, at their home." The testimony taken in that case was in support of all the allegations of the bill, and certainly tended to prove both the allegation of cruelty and the allegation of abandonment. The chancellor in dismissing the bill necessarily passed upon the question of whether the allegation of abandonment had been made out by the proof, and decided that it had not. We must so conclude, or else he would have granted the prayer for permanent alimony; as this could be sustained as well by proof of abandonment as by proof of cruelty. This being true, we cannot escape the conclusion that the question of abandonment was passed upon, and that it was judicially determined that at that time (May 18th, 1922) no abandonment of the complainant by the defendant had been established. It being judicially determined that there was no abandonment at that time, any future abandonment, such as would entitle the appellant to a divorce, could only begin to run from and after the date of the decree of May 18th, 1922. Admitting that there was actual abandonment from and after that date, such abandonment had not continued for the statutory period of three years on October 30th, 1923, at which time the bill

in the present case was filed. The case was tried *ex parte,* but this fact in no way lessens the duty of the Court to deny the decree for divorce unless the law was fully complied with; and what applies to the chancellor in such a case applies with equal force to this Court. It is suggested in the brief of appellant that she "is forever barred from relief by a very technical defense advanced by the State." There appears to be no force in this contention, for the reason that if the abandonment continues for the statutory period of three years, beginning from the date of the first decree, May 18, 1922, that decree would not be a bar to a bill for absolute divorce on the ground of abandonment. The effect of that decree was to determine that there had been no abandonment up to the time of the passage of that decree; but it did not and could not decide that at no time after that could there be such an abandonment as would justify a divorce, either *a mensa* or *a vinculo.*

The record in this case does not have incorporated in it any of the proceedings in the prior case in such form that they can be properly considered by this Court. The bill, answer, and decree in the case filed in the Circuit Court for Baltimore City in December, 1921, are not in the record in this case, and it does not appear they were before the chancellor or considered by him; and the plaintiff's exhibit "A," purporting to be the testimony taken in that case, while in the present record, was filed after the date of the decree in this case, on the same day the appeal was taken, and therefore could not have been properly considered by the lower court. For these reasons we are of the opinion the case should be remanded for the taking of further testimony, in order that the matters which have been brought to our attention may properly and legally be made a part of the record.

> *Cause remanded for further proceedings in accordance with this opinion, without affirming or reversing the decree; the costs to abide the final result.*