BERNARD A. WINKEL *v.* MARIAN I. WINKEL.

[No. 4, January Term, 1939.]

*Decided February 2nd, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Leo Weinberg,* for the appellant.

*Charles S. Hayden* and *Elmer Carleton Smith,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Frederick County, over-ruling the demurrer of Bernard A. Winkel, the defendant, to a petition filed by the appellee, Marian I. Winkel, his wife, for the purpose of obtaining a renewal, with an increase, of an allowance for her support and maintenance over that ordered to be paid in a decree of May 23rd, 1925. This decree also required her to convey certain property to the defendant

husband, and provided that the defendant pay to his wife, pending a further order of the court, the sum of twelve dollars a week for her support and maintenance, beginning from the time she should fully comply with that part of the decree respecting the conveyance of the property to her husband.

Marian I. Winkel did not convey the property to him and he has paid her no alimony. Some time after the decree the appellee wife was cited to appear in court to show cause why she should not be held in contempt for her failure to comply with the order of the court respecting the conveyance. At the instance of her husband the contempt proceeding was not pressed, and a trustee was appointed to convey the property to Bernard A. Winkel, which conveyance was duly made. Still the husband has failed to pay the appellee the twelve dollars per week or any part thereof. The appellee filed her present petition setting forth her necessities and his ability to pay for support, and detailing at length the numerous business enterprises of a profitable character in which he was engaged. By an amended prayer she asked that an order be passed modifying the former decree, and that the said Bernard A. Winkel be required to pay unto her for her support and maintenance such sum of money as will now appear to be equitable. To this petition Bernard A. Winkel filed a combined answer and demurrer, and after a hearing upon the demurrer the court passed an order over-ruling it, and from this action the appeal is taken.

The single question presented involves the right of the wife, the appellee, to have the decree of the 23rd day of May, 1925, revised, and to have the question of alimony again considered. This would require a determination whether, in view of present circumstances, the alimony should be increased, remain as it is, be dismissed, or be disallowed.

In this State a decree for alimony may be passed without the granting of a divorce, but in order to entitle a wife to such an allowance the facts in the case must be such as would entitle her to either a divorce *a vinculo*

*matrimonii,* or *mensa et thoro,* and the court allowing alimony can only do so upon such allegations and proof as would justify a granting of a divorce. Code, art. 16, sec. 14; *McCaddin v. McCaddin,* 116 Md. 567, 82 A. 554; *Fairbank v. Fairbank,* 169 Md. 212, 81 A. 233; *Wilcox' v. Wilcox,* 150 Md. 119, 132 A. 585. And it will be presumed that such allegations and such proof were made and offered when alimony without divorce is granted, otherwise such relief could not be had. There was no appeal taken from the decree of May 23rd, 1925, and, therefore, all presumptions and inferences are in favor of its validity and conclusive as to rights finally adjudicated in the case. *Miller v. Miller,* 159 Md. 204, 150 A. 451; *Dickey v. Dickey,* 154 Md. 675, 141 A. 387.

The appellant contends that there was laches on the part of the appellee in delaying the filing of her petition, and that the matters presented therein are *res judicata* and conclusive as to both husband and wife. These contentions with respect to the decree, in so far as it relates to alimony, cannot be maintained, because such decrees are continuing, and when the court has once assumed jurisdiction, that jurisdiction continues, and affirmative relief may be granted, and the allowance changed from time to time, as the circumstances of the parties may warrant. It was said in the case of *Emerson v. Emerson,* 120 Md. 584, 591, 87 A. 1033, 1036, where this subject is fully considered, that "The authorities are unanimous that the courts retain the continuing jurisdiction over these decrees, and, although the decree was final as to the separation of the parties, the alimony could be increased or diminished by the courts from time to time, as circumstances demanded it." See, also, *McCaddin v. McCaddin,* 116 Md. 567, 82 A. 554. This being the rule laid down by our court, the defense of *res judicata* is not available in this case, and the wife's delay in asking for a reconsideration of the question of alimony in view of the changes in conditions and circumstances cannot be held to constitute laches, nor can the doctrine of estoppel be invoked by the husband because of the conduct of the wife in this case.

A theory that the wife's failure to convey the property renders her still in contempt of court, or disentitled to an allowance of alimony because of her failure to perform the condition on which the allowance was formerly decreed, we consider untenable. The husband himself sought the arrangement for conveyance of the property by a trustee and for withholding an attachment of the wife for contempt. This the court views as a substituted arrangement, leaving the wife free to pursue the husband for the performance of any obligation of support the court may find resting on him, disregarding any restrictions or conditions in the original decree.

We do not here pass upon the merits of the case or any of the personal or property rights of the parties, but only upon the right of the appellee to have her petition fully considered and the relief prayed to be granted or refused as the circumstances may require.

The order from which this appeal is taken will be affirmed.

*Order affirmed and case remanded for further proceedings, with costs to the appellee.*