BUEHLER *v.* BUEHLER

[No. 353, September Term, 1961.]

318

*Decided July 9, 1962.*

Submitted on the brief to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted by *John C. Keating* for appellant.

No brief and no appearance for appellee.

HORNEY, J., delivered the opinion of the Court.

This appeal from a divorce decree challenges only the authority of the chancellor to reserve the question of awarding alimony to the wife for future determination. The husband, who was granted an absolute divorce, does not contest the award of the custody of the children to the mother or the order requiring him to support the children.

William J. Buehler (the husband) and Elizabeth T. Buehler (the wife) were married in March of 1950, and two children were born to them—a girl and a boy. Apparently, the parties lived together harmoniously for approximately seven years, but following the birth of the boy a series of marital difficulties developed which eventually culminated in the separation of the parties in July of 1958.

Soon thereafter the wife sued for a limited divorce and alimony and for custody of and support for the children, charging the husband with desertion. The husband denied he had deserted the wife and countered by filing a cross-bill for

a divorce *a mensa et thoro* and custody of the children, alleging constructive desertion and cruelty. The wife in turn denied that she had either deserted her husband or been cruel to him.

The husband was ordered to pay alimony *pendente lite* to the wife, but when the chancellor dismissed both of the bills after a hearing on the merits—because the evidence seemed to disclose a separation by mutual agreement—custody of the children was awarded to the mother and the father was ordered to support them, but there was no further reference to the question of alimony.

The parties continued to live separate and apart without cohabitation, and shortly after the three-year statutory period had expired, the husband filed a bill for an absolute divorce on the ground of voluntary separation. The wife, in answering the bill, admitted that the parties had mutually agreed to separate and that her income was presently sufficient for her needs, but requested that the question of alimony "be reserved for future award in accordance with the circumstances of the parties." Other than alleging in her answer that the ability to support herself in the future was "of necessity uncertain," the wife stated no reasons for the uncertainty. Nor did she offer any evidence before the examiner as to this or any other point.

When the case was submitted to the court on the testimony taken before the examiner, the only contested matter concerned the reservation of alimony. As to this, the chancellor, after hearing the argument of counsel, signed a decree divorcing the husband *a vinculo matrimonii* from the wife, continued the former order concerning the custody of and support for the children, and ordered that the question of alimony be "reserved for future hearing upon application."

The husband, in challenging the reservation of alimony, asserts: (i) that the question of alimony had been previously decided and was therefore *res judicata;* (ii) that the court was without power to reserve the question; and (iii) that there was insufficient evidence to justify the reservation of the question for future determination. None of the contentions has merit.

(i)

The first contention that the right of the wife to alimony is barred under the doctrine of *res judicata* because the court in a prior action of the wife for a limited divorce and for alimony based on desertion decided the case against the wife on the merits, is without substance. See *Wilcox v. Wilcox,* 150 Md. 119, 132 Atl. 585 (1926), where it was said (at p. 124) that the effect of a prior decree "was to determine that there had been no abandonment up to the time of the passage of that decree; but it did not and could not decide that at no time after that could there be such an abandonment as would justify a divorce either *a mensa* or *a vinculo.*" The principle of that case is applicable in this. Here, as there, the effect of the prior decision was merely to declare that an abandonment had not been proven at that time, but there was no holding that there could never be a divorce (either absolute or limited) and an award of alimony based on a voluntary separation or other valid cause for divorce. Moreover, since the court found no right to a divorce in the prior case, it could not award alimony at that time. *Ashman v. Ashman,* 194 Md. 565, 72 A. 2d 250 (1950). And see *Evan v. Evan,* 200 Md. 473, 90 A. 2d 178 (1952). We think it is clear that the dismissal of the first action for a limited divorce and alimony because there was insufficient proof of desertion did not operate as a bar to alimony in this subsequent action for an absolute divorce. See Myerberg, *Practical Aspects of Divorce Practice* (2nd Ed.), at p. 146, where it is pointed out that "a prior suit based upon alleged abandonment is not per se a bar to a later suit by the same party alleging separation by mutual consent." For a fuller discussion of the subject, see *Matysek v. Matysek,* 212 Md. 44, 49-50, 128 A. 2d 627 (1957).

(ii)

The second contention—that the lower court was without authority to reserve the question of alimony—is likewise without merit. It is true, as was pointed out in *Marshall v. Marshall,* 162 Md. 116, 159 Atl. 260 (1932), at p. 122, that "where the decree grants an absolute divorce, with no reservation of power in respect to the allowance of alimony thereafter, * * *

the man is relieved of the obligation of a husband to support his wife." And cf. *Clarke v. Clarke,* 149 Md. 590, 131 Atl. 821 (1926). But in a case such as this where the question of alimony was reserved for future determination, a different rule is applicable. See *McSherry v. McSherry,* 113 Md. 395, 77 Atl. 653 (1910), where this Court upheld the power of the lower court to reserve to itself the right to determine the amount of alimony at a future date. And see 17 Am. Jur., *Divorce and Separation,* § 714, which, citing the *McSherry* case and cases in other states as authority, states that "[w]here the right subsequently to apply for alimony is preserved by reservation in the decree itself, an application for alimony may be made after the rendition of the judgment of divorce." See also the Annotation: *Divorce — Later Alimony Award,* 43 A.L.R. 2d 1389, 1409-1410, citing the many cases in this and other jurisdictions in support of this rule; and 2 Nelson, *Divorce and Annulment* (2nd Ed. 1961 Revised Volume), §14.-21, and the cases cited in that section at p. 28, fn. 51.

(iii)

We find nothing in the record to show that the reservation of jurisdiction over possible future award of alimony constituted an abuse of discretion.

*Decree affirmed; appellant to pay the costs.*