## WATHEN *v.* WATHEN

[No. 103, September Term, 1966.]

*Decided February 10, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Edward P. Camus* for appellant.

*Kenneth E. Pruden,* with whom was *George T. Burroughs* on the brief, for appellee.

PER CURIAM.

This is an appeal from a decree by Judge Samuel W. H. Meloy of the Circuit Court for Prince George's County, which awarded custody of the four children of the marriage of Marie B. Wathen, appellant, and Oscar N. Wathen, appellee, to the father. Appellant conceded custody of Patricia, twenty, and John, eighteen, because of their ages and personal preferences. Michael, fourteen, and James Andrew, nine, are the subjects of this dispute. The chancellor also denied appellant's petition for separate maintenance and appellee's bill of complaint for divorce a mensa et thoro.

There is no allegation of adultery or other immoral conduct on the part of either party. The division of the family was

brought about by emotional and psychological disturbances, which eventually led to an attempted suicide by the wife and to an inability on the part of the husband to perform efficiently his job as a service foreman. The parties attempted to solve their problems by consulting a marriage counselor and a psychiatrist. Because they were unable to resolve their difficulties, the husband moved out of the home with the younger children and went to his mother's home. Since the separation, the attitude of the young children toward their school work and their general deportment have improved considerably. The health of the husband and of the wife has improved.

The question of the children's custody is governed by *Kline v. Bennett,* 245 Md. 674, 225 A. 2d 863; *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870; *Heaver v. Bradley,* 244 Md. 233, 223 A. 2d 568; *Raible v. Raible,* 242 Md. 586, 219 A. 2d 777. In those cases, we held that because the opportunity of the chancellor to see and hear the witnesses must be accorded the greatest respect, we would not disturb his findings unless he was clearly erroneous. There is ample evidence in the record to support the chancellor's finding that the custody of the children in their father would best serve their interests and welfare. The award of custody to him is accordingly affirmed.

Appellee has not appealed from the denial of a divorce a mensa et thoro. Appellant contends that the chancellor erred in not granting her separate maintenance. The chancellor denied separate maintenance on the grounds that "unless an action for divorce is prayed and/or proven * * *" he could not award separate maintenance. He recommended that "this relief may be obtained elsewhere."

With respect to this last ruling the chancellor was clearly erroneous. Equity has jurisdiction to decree the payment of separate maintenance to a wife although she does not ask for a decree of divorce. *Foote v. Foote,* 190 Md. 171, 57 A. 2d 804, citing *McCaddin v. McCaddin,* 116 Md. 567, 82 Atl. 554, and *Stewart v. Stewart,* 105 Md. 297, 66 Atl. 16. Code (1966 Repl. Vol.), Article 16, Section 2. Separate maintenance can only be allowed upon such allegations and proof as would justify the granting of a divorce, either a vinculo matrimonii or a mensa et

thoro. *Moran v. Moran,* 219 Md. 399, 149 A. 2d 399; *Stirn v. Stirn,* 183 Md. 59, 36 A. 2d 695; *Winkel v. Winkel,* 176 Md. 167, 4 A. 2d 128. Appellant's petition for custody, support and maintenance alleged that her husband had deserted her and had abandoned the marital abode. Abandonment and desertion are grounds for at least a divorce a mensa et thoro. Article 16, Section 25. The chancellor made no finding of fact concerning the alleged abandonment and desertion. Under these circumstances the case is remanded for a determination of whether the wife is entitled to separate maintenance under the facts of this case.

> *That portion of the decree awarding custody of the children is affirmed, but the case is remanded without affirmance or reversal for further proceedings as to separate maintenance. Costs to be paid by appellee.*